Wright vs. Roberts.

WRIGHT VS. ROBERTS.

|  | 22 | 161 |
|---|---|---|
|  | o116 | ²604 |
|  | o116 | ²605 |

CONTRACT TO PURCHASE LAND : *On failure to perform, after possession given, will action for use and occupation lie ?*—PLEADING : *allegation of waste.*—*Conditional affirmance of judgment.*

1. Whether, where one is put into possession of land on a contract to purchase it, which he fails to perform, an action for use and occupation can be maintained against him for the time of his possession, *quære.*

2. But where the contract provided that the purchaser should "hold the premises from its date as tenant at sufferance of the vendor, subject to be removed as a tenant holding over in case of a default," etc., and also contained other provisions for the protection of the vendor in case of a failure to purchase (as, that the vendor should pay the taxes, and keep the premises in repair): *Held,* that the action for use and occupation could be maintained.

3. An allegation that the defendant had "cut large amounts of timber and wood on the premises," is not a sufficient averment of waste ; nor does it show a cause of action for wood proven to have been cut from the premises and sold to a third party.

4. But where there was no conflict of evidence as to the net value of the wood so sold, the judgment is affirmed on condition that the plaintiff remit from the damages allowed him by the verdict and judgment, the amount so proved, and pay the costs of the appeal.

APPEAL from the Circuit Court for *Winnebago* County. In September, 1863, the parties to this suit entered into a contract by which *Wright* agreed to pay *Roberts* $1,500 as follows : $250 and the interest on the $1,500, as soon as *Roberts* should execute to him a warranty deed of certain land, and the balance in annual installments of $250 each (beginning one year from date); which payments, when fully completed, were to apply as purchase money of said land. *Wright* further agreed to pay all taxes which had been assessed on the land since January 1, 1863, and such as should thereafter be assessed until said purchase money should be fully paid, as above stated; also to hold the premises, from the date of said contract, as tenant at sufferance of *Roberts*, subject to

be removed as tenant holding over whenever default should be made in the payment of any installment of the purchase money; also to keep the buildings, fences and improvements on the premises in good repair. *Roberts*, on his part, agreed, that " in case the aforesaid sum of $250, with the interest on the said sum of $1,500, with the interest shall [should] be fully paid at the times and in the manner above specified,"* he would, on demand thereafter, execute to *Wright* a deed of the premises, free of all legal liens and incumbrances except the taxes above mentioned. In September, 1865, *Roberts* brought an action against *Wright*, in which, after alleging the making of said contract, he averred that immediately thereafter *Wright* entered into possession of the premises, and continued to occupy and use them until June 1, 1865; that he, *Roberts*, was the owner and in possession of the land at the commencement of the action; that *Wright* never asked him for a deed of the same, but that on, etc., before the action was commenced, he tendered *Wright* a warranty deed thereof, with covenants of warranty against incumbrances and to defend title; that defendant refused to receive the deed, or to fulfill the contract on his part, and declared the contract rescinded, and that he would not perform any of the promises therein contained, by him to be performed : and that the use of the premises for the time above mentioned was worth $250. For a second cause of action he alleged the same facts, and also that *Wright*, while in possession of the premises, " cut large amounts of timber and wood therefrom," to plaintiff's damage $100. For a third cause of action, he alleges the facts stated in the first count to be true, and also that *Wright* " destroyed and wasted the fences on and around said premises," etc., to plaintiff's damage $200.—The answer contained a general denial.

---

*So in the appeal papers. There seems to be an error.

On the trial, after proof of the contract, of *Wright's* possession under it, and of his refusal to accept a warranty deed from *Roberts* in September, 1865, or to perform the contract on his part, proof was taken, against *Wright's* objection, of the value of the use and occupation of the land. *Roberts* also testified that *Wright* cut timber from the land, and sold it to the school district. He was then permitted, against objection, to testify that the value of such timber was about $40; and also as to the cost of rebuilding fences taken down by *Wright*, and repairing those injured by him.—The court instructed the jury that *Roberts* was entitled to recover for the value of the use and occupation of the premises, if *Wright* refused to recognize and perform the contract; and was also entitled to damages for the cutting of the timber on the land.—Verdict for plaintiff, for $289; new trial denied; and judgment on the verdict; to reverse which *Wright* sued out his writ of error.

*Gabe Bouck*, for plaintiff in error:

1. An action for use and occupation will not lie, unless the relation of landlord and tenant existed between the parties. *Sylvester v. Ralston*, 31 Barb., 288; *Howard v. Shaw*, 8 M. & W., 118; Dart on Vendors, 448; 1 Sug. on Vend., 276; *Smith v. Stewart*, 6 Johns., 46; *Bancroft v. Wardwell*, 13 id., 489; *Kirtland v. Pounsett*, 2 Taunt., 145; *Whiting v. Sullivan*, 7 Mass., 107; Willard on R. E., 99, 100; *Richey v. Hinde*, 6 Ohio, 378; *Stockett v. Watkins*, 2 Gill & J., 326; *Butler v. Cowles*, 4 Ohio, 213; *Andrews v. Andrews*, 2 Green, 141; *Grant v. Gill*, 2 Whart., 42; *Little v. Pearson*, 7 Pick., 301. In this case there is a mere breach of contract. What is the measure of damages? By the English rule, followed by some American authorities, it is the difference between the contract price and the value at the time of the breach. 2 Hilliard on Vend., 105; Sedgw. on Dam., *190; *Sawyer v. McIntyre*, 18 Vt., 27; *Lewis v. Lee*, 15 Ind., 499; *Wilson v.*

*Holden*, 16 Abb., 133; *Laird v. Pim*, 7 M. & W., 474; 2 Parsons on Con., 506. According to the weight of American authorities, it is the contract price. Sedgw., 197; 2 Hilliard, 106, etc., etc. 2. On such a contract the vendee is not liable for waste; and if he were, still there is no evidence here of waste in cutting timber. What is waste depends upon the usages of the country, the customary modes of managing land, and how the acts done affected the inheritance. Washb. on R. P., 101; *Pynchon v. Stearns*, 11 Met., 304; *Morehouse v. Cotheal*, 2 N. J., 521; *Padelford v. Padelford*, 7 Pick., 152.

*Hooper v. Bailey*, for defendant in error, to the point that the vendor in such a contract can recover for use and occupation, cited *Hull v. Vaughan*, 6 Price, 157; *Boston v. Binney*, 11 Pick., 1; *Gould v. Thompson*, 4 Met. 228; *Smith v. Stewart*, 6 Johns., 46; *Clough v. Hosford*, 6 N. H., 231; *Alton v. Pickering*, 9 id., 494; *Whitney v. Cochran*, 1 Scam., 210; *Elliot v. Rogers*, 4 Esp., 59; *Davidson v. Ernest*, 7 Ala., 817; 1 Washb. R. P., 390, §§ 31, 32; 2 Hilliard on Vend., 97–104. All the cases to the contrary go on the ground that the relation of landlord and tenant did not exist; but in this case the existence of that relation is expressly stipulated for between the parties. 2. The plaintiff below could recover for waste. *Suffern v. Townsend*, 9 Johns., 35; *Cooper v. Stower*, id., 331.

PAINE, J. There is a conflict of authority upon the question, whether, where one is put into possession of real estate on a contract to purchase it, which he afterwards refuses to comply with, an action for use and occupation can be maintained against him for the time during which he held possession. The cases on both sides are collected in chapter 33, 2 Hilliard on Vendors, which is devoted especially to this subject. We do not deem it necessary to determine which side has the better reason, in cases where there is nothing in the contract of purchase providing for the relation of land-

lord and tenant. For here there is an express provision in the contract itself, that the purchaser should hold the premises from its date, " as tenant at sufferance of the vendor," subject to be removed as a tenant holding over in case of default, etc.

The appellant's counsel contends that this provision should be construed as having been intended only to enable the vendor to remove the purchaser in case of default, by the proceeding ordinarily used against tenants holding over. But we do not think it can be restricted to this one purpose. There are other provisions in the contract, clearly contemplating the possible failure of the contract of purchase, and designed for the protection of the rights of the vendor in that event. Among these are the covenants by the vendee to pay the taxes, and keep the buildings, fences and improvements in good repair. These are subjects in which the vendor would have no interest, except on the failure of the vendee to comply with his contract. When therefore the vendor has taken the precaution to guard his rights by inserting provisions of this character in the contract under which he admits the vendee to possession, there seems no reason for saying that the explicit declaration that the purchaser holds as a tenant at sufferance, will not create the relation of landlord and tenant, not only for the purpose of removal but for the purpose of sustaining any other remedy to which the existence of that relation is essential.

It is true, that in such cases, the primary object of the contract is not to lease the property, but to sell it. But as human affairs are proverbially uncertain, it is not only competent but reasonable for the parties to anticipate the possible failure of the principal object, and to provide for the relation which they shall hold to each other contingent upon that event. In this contract they have done so. And however it might have been determined in the absence of such a

provision, we shall hold that on a contract of this character, an action for use and occupation can be sustained, where the vendee fails to comply with the contract on his part.

This conclusion being arrived at, it follows that there was no error in admitting proof of the value of the use and occupation. That was precisely what the action was brought to recover.

Neither was there any error in permitting proof of the expense of repairing the fences damaged by defendant. He had expressly agreed to keep them in repair, and the complaint shows a violation of that agreement.

But the objection of the defendant to the admission of any evidence under the second cause of action stated in the complaint, should have been sustained. This merely states, in addition to the facts stated in the first, that the defendant had cut large amounts of timber and wood on the premises. It would not be waste for him to cut wood for his own use, so long as the tenancy continued, nor to cut timber to repair the fences and buildings which he had agreed to keep in repair. But there is nothing in the complaint to show that the wood and timber he cut, might not have been cut for these purposes. It is true, the proof was of timber cut and sold to a school district, and this may have been waste. But if it was, there is not enough stated in the complaint to show a cause of action for it. And as the evidence was objected to for that reason, it should have been excluded.

The only witness upon this point stated that the value of the timber cut, after deducting the expense of cutting, "was about forty dollars." We shall be compelled therefore to reverse the judgment, unless the plaintiff remits the sum of forty dollars and pays the costs of the appeal, in which event it will be affirmed.

*By the Court.*—Ordered accordingly.