HENRY H. HOAGLAND *et al.*

*v.*

JOHN W. CRUM.

*Filed at Springfield March 30, 1885.*

1. LANDLORD AND TENANT—*lease from tenant for life—rights and liability of lessee upon the death of the lessor during the term.* At common law, where a tenant for life gives a lease for a term of years on a yearly rent, and dies in the course of the year before the day for the payment of the rent, the rent can not be apportioned, and the tenant may quit the premises on such death without liability to pay any rent to any one after the last day appointed for payment. This rule of the common law remains unchanged in this State.

2. But if the tenant continues to occupy the premises after the determination of his lease by the death of his lessor, and the owner of the reversion acquiesces in such holding, there is no rule of law to prevent the owner from recovering of the tenant the reasonable value for the use and occupation of the premises, from the time of the determination of the lease by the death of the lessor.

3. So in an action to recover for the use and occupation of land, the defendant pleaded that the sole cause of action was the rent of the land, which had been leased by the defendant from the widow of the deceased owner for one year, from March 1, 1881, to March 1, 1882, and not from the plaintiffs, the heirs of the deceased owner, or either of them; that such land was held by the widow as and for her life estate or dower interest in the lands of her late husband; that the rents for the premises did not fall due until the expiration of the lease; that on November 1, 1881, and after such leasing, and before the rent fell due, the widow departed this life, and that plaintiffs claimed to recover the rents of and from the defendant as heirs at law of the deceased husband, and not otherwise: *Held,* that the plea was bad, in failing to allege that the defendant quit the premises on the termination of the lease by the death of the lessor.

4. SAME—*administrator of dowress—power to release rights of heirs.* The administrator of a dowress can not release any rights the heirs of the deceased husband may have against an occupying tenant holding over after the termination of his lease by the death of the dowress.

APPEAL from the Appellate Court for the Third District; —heard in that court on appeal from the Circuit Court of Menard county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. T. W. McNEELEY, and Mr. S. H. BLANE, for the appellants:

The rents for the year ending on March 1, 1882, were certainly due to somebody. These rents, falling due after the death of the lessor, could not go to her personal representatives, nor could such rents go to the personal representatives of Martin Hoagland, late owner of the fee. Rent falling due after the death of the lessor is a chattel real, and descends with the land to the heirs, and not to the executor or administrator. *Green* v. *Massie,* 13 Ill. 363; *Crosby* v. *Loop,* id. 626; *Foltz* v. *Sprouse,* 17 id. 487; *Dixon* v. *Nicholls,* 39 id. 372.

Accruing rents for the use and occupation of land, and which do not become due till after the death of the lessor, are a chattel real, which descends to the owner of the reversion.

Messrs. MORRISON & WHITLOCK, for the appellee:

If any rent be recoverable for the time from March 1 to November 1, 1881, the right would be in Fannie M. Nance, administratrix with the will annexed, and not in the heirs of Martin Hoagland, deceased, appellants in this case. The right being in her as such administratrix with the will annexed, her release of the errors, as set forth in the plea filed, is a good reply to the assignment of errors. *Henrichsen* v. *Van Winkle,* 21 Ill. 274.

But we say that no rent was due to any one. None can be recovered for the year 1881. The rent began March 1, 1881, and the lease was for one year. The life estate of the lessor fell, in November of that year. Where no time is fixed for the payment of rent, the rent is due at the end of the year. *Perry* v. *Aldrich,* 13 N. H. 343.

The contract was broken by the death of Louisa A. Hoagland, because her title expired with her life, and this being so, the right of Crum to occupy ceased, and neither the heirs of Martin Hoagland, deceased, nor the personal representative of the lessor, had any right of recovery. *Brudell* v. *Roberts,* 2 Wils. 143; Hammond on Parties, 157; *Clune's Case,* 10 Coke, 127; *Paget* v. *Gee,* Ambl. 198; *Jenner* v. *Morgan,* 1 P. Wms. 392; *Edwards* v. *Countess of Warwick,* 2 id. 176; *Hay* v. *Palmer,* 3 id. 502.

If one lease lands for a term of years, rendering rent annually, and the tenant be evicted between rent days, the lessor shall have no rent for that year. *Countess of Plymouth* v. *Throckmorton,* 1 Salk. 65.

Rent will not be apportioned as to time, where the lease is terminated by the expiration of the title of the lessor. Taylor on Landlord and Tenant, sec. 387; *Perry* v. *Aldrich,* 13 N. H. 343; *Wood* v. *Partridge,* 11 Mass. 488; *Fishburg Manf. Co.* v. *Melvin,* 15 Mass. 270. This is because the contract is an entire thing. The contract was first broken by the lessor by

the failure of the title, and hence the right to occupy ceased before the end of the year.

Where the landlord terminates the lease during the year, although it be done under a provision in the lease giving him that right, he can not recover rent for any part of that year. *Zule* v. *Zule,* 24 Wend. 76; 35 Am. Dec. 600; *Nellis* v. *Lathrop,* 34 id. 284; Wood on Landlord and Tenant, sec. 476; 1 Williams on Executors, 703, *et seq.,* and cases cited.

Mr. T. W. McNEELEY, and Mr. S. H. BLANE, for the appellants, in reply, contended that the rule of the common law on this subject is not adopted, being inapplicable to the habits and conditions of our society, and as not being in harmony with the genius and objects of our institutions. *Boyer* v. *Sweet,* 3 Scam. 130.

The statute of this State was made for such a case as this, and gives a right of action. Hurd's Stat. 1883, chap. 80.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was brought by the heirs at law of Martin Hoagland, deceased, to recover for the use and occupation of certain premises, against the occupying tenant, John Crum. To the first plea filed by defendant a demurrer was sustained, and, on leave given, defendant filed an amended or second special plea, in which it was averred the cause of action in the declaration mentioned was for the rent of certain premises, which are accurately described, and for no other cause whatever; that such lands were leased by defendant from Louisa A. Hoagland, widow of Martin Hoagland, and not from plaintiffs, or either of them; that such lands were leased of and from Louisa A. Hoagland, for one year, viz., from the first day of March, 1881, to the first day of March, 1882; that such lands were held by Louisa A. Hoagland as and for her life estate or dower interest in the lands of which Martin

Hoagland died seized and possessed, and by no other right or title whatever; that the rents for the premises did not fall due and become payable until the expiration of the lease, on the first day of March, 1882; that on the first day of November, 1881, and after the premises had been so leased by defendant, and before the rent therefor became due and payable, Louisa A. Hoagland departed this life, and that plaintiffs claimed to recover the rents in this suit of and from defendant, as heirs at law of Martin Hoagland, and not otherwise. To this plea plaintiffs interposed a demurrer, which was overruled by the court, and plaintiffs electing to abide by their demurrer, judgment was rendered for defendant, and against plaintiffs, for costs. That judgment was affirmed in the Appellate Court for the Third District, and a majority of the judges of that court having made the necessary certificate to enable them to do so, plaintiffs bring the case to this court on their further appeal.

The single error assigned is, the circuit court erred in overruling the demurrer to defendant's second or special plea, and in rendering judgment against plaintiffs for costs. Had it been averred in the plea defendant quit the premises on the determination of his lease by the death of his lessor, the plea would undoubtedly have been good. There can be no pretence the heirs could recover for use and occupation while defendant occupied the premises under his lease from the owner of the life estate. But the plea contains no averment defendant quit the premises on the death of his lessor. Although the plea contained no specific averment to that effect, the inference from the facts stated is, he occupied the premises up to the first day of March, 1882, when the lease, by its terms, would expire. On that hypothesis, no reason is perceived why defendant would not be liable for the use and occupation of the premises from the termination of his lease by the death of his lessor, up to the time when he surrendered the possession to the heirs, who were the owners of the fee, subject, only,

to the dower or life estate of the widow. Of course the death of her who had the life estate, and who died before the end of the year, terminated defendant's right to occupy under her, and so long as he may have thereafter occupied the premises, it must have been under the heirs, who were then the owners of the fee, unincumbered by the life estate of the dowress. It is nowhere averred in the plea the heirs objected to his occupancy for the remainder of the year, or that he was evicted by them after the termination of his lease on the death of his lessor. At common law, where a tenant for life gave a lease for a term of years, rendering a yearly rent, and died in the course of the year, before the day appointed for the payment of the rent for the term of years, the rent could not be apportioned. It was for the reason the contract was an entirety. But the tenant might quit the premises if he chose, on the death of his lessor, and paying no rent to any one for the occupation since the last day appointed for payment of the rent. (3 Kent's Com. 371; 2 Blackstone, 124.) The statute (George II, chap. 19, sec. 15,) that gave the executors or administrators of the life tenant on whose death any lease determined, the right to recover of the tenant a ratable proportion of the rent from the last day of payment to the date of the death of the lessor, has never been adopted by any act of our legislature, so that, in that respect, the common law remains unchanged in this State. There are many statutes of this State providing remedies where the common law afforded none, and this may be *casus omissus.* At all events, it seems the law now is, if a tenant holds under one having only a life estate, if he shall quit the premises on the death of his lessor, which determined his lease, before the rent becomes due and payable, he will be liable to pay rent to no one,—neither to the representatives of the owner of the life estate, nor to the owner of the fee, who may be entitled to immediate possession. But where the tenant elects to continue to occupy the premises after the determination

of his lease by the death of his lessor, and the owner of the reversion acquiesces in such holding, there is no rule of law that would prevent the owner from recovering of the tenant the reasonable value for the use and occupation of the premises. A statute of this State provides the owner may recover rent, or a fair and reasonable satisfaction, for the use and occupation of lands, where the same are held and occupied by any person without any special agreement for rent, by an action of debt or assumpsit, in any court of competent jurisdiction. That is precisely this case, so far as defendant may have held and occupied the premises after the determination of his lease by the death of the owner of the life estate. The plaintiffs are the owners, and their right to recover a fair and reasonable satisfaction for the use and occupation of the premises after the title was disincumbered from the life estate of the widow, against any person who may have held and occupied the same, is clear. As against their rights, whatever they may be, the plea presents no defence, and the demurrer should have been sustained.

It is obvious the administratrix of the dowress could release no rights the heirs may have had against an occupying tenant, and the plea of the release of errors filed in the Appellate Court need not be considered.

The judgment of the Appellate Court will be reversed, and the cause remanded, with directions to that court to reverse the judgment of the circuit court and remand the cause for a new trial.

*Judgment reversed.*