MINNIE E. GUTHMANN v. JACOB VALLERY, SR.

FILED JUNE 3, 1897.   No. 8487.

1. Landlord and Tenant: LIFE ESTATE: RIGHTS OF REVERSIONER. The death of a tenant for life terminates the lease of the premises existing between him and his lessee, and the latter may at once quit possession without incurring any liability to the reversioner for rent.

2. ———: ———: ———. The lessee of a tenant for life is charged with notice of the extent of his landlord's title, and on the termination of the life estate he becomes a tenant at sufferance.

3. ———: ———: ———: RENTS. Such a lessee remaining in possession after the termination of the life estate, in the absence of an express contract with the reversioner, becomes liable to the latter for the reasonable value of the use and occupation of the premises, but not liable on the contract with the tenant for life.

4. ———: ———: ———: ———. A tenant for life leased the premises for one year and died before the expiration of the term. The lessee remained in possession without a contract with the reversioner, and after the expiration of the lease by its terms, paid the full amount of rent reserved therein to the administrator of the tenant for life. Held, (1) That the reversioner had no claim against the estate of the tenant for life for the money; (2) that the money paid by the lessee to the estate of the tenant for life was not the property of the reversioner; (3) that though the administrator had converted such money to his own use, or the use of another, he is not liable therefor to the reversioner,

ERROR from the district court of Cass county.   Tried below before CHAPMAN, J.   *Affirmed.*

*H. D. Travis,* for plaintiff in error.

*Matthew Gering, contra.*

RAGAN, C.

Charles Guthmann was seized in fee of certain real estate situate in Cass county.   He devised the same by his will to his daughter, Minnie E. Guthmann, subject to a life estate therein in favor of his wife, Mary J. Guthmann, and died.   His widow took possession of the real estate and leased it from March 1, 1893, to March 1, 1894, at an agreed rental of $150, and for such rent accepted the tenant's note due March 1, 1894, and on the 27th of July, 1893, the tenant for life died.   Jacob Vallery, Sr., was appointed administrator of the estate of the life tenant and after the rent note matured he collected the same.   The tenant of the tenant for life remained in possession of the premises until the expiration of the lease executed between said parties.   The record does not show that this tenant remained in possession after the death of the tenant for life with the consent of the owner of the reversion, nor that the reversioner objected to the possession retained by such tenant.   Minnie E. Guthmann, the owner of the reversion, sued Jacob Vallery, Sr., in the district court of Cass county to recover the rent of the premises from the death of the life tenant until the expiration of the lease made by her as fixed by the lease between the tenant and the life tenant.   The trial resulted in a judgment dismissing Miss Guthmann's action, and she brings that judgment here for review on error.

One cannot convey to another a greater interest in real estate than he is himself possessed of, and the lease of the real estate made by the widow terminated at her death. Upon the termination of the life estate the tenant in possession became a tenant at sufferance, and he might then

have abandoned possession of the premises, as he was under no obligation to occupy as the tenant of the reversioner; and probably, although we do not decide the point, had he abandoned the premises, he would have been discharged from any liability for rent even to the administrator of the life tenant. (*Hoagland v. Crum*, 113 Ill., 365; 2 Blackstone's Commentaries, sec. 124.) On the termination of the life estate the reversioner became at once entitled to the possession of the real estate; and, it seems, that the life tenant's tenant in possession would not have been entitled to a notice to quit the premises or demand for the possession thereof from the owner of the reversion in order to enable the latter to maintain an action for possession. This is because the tenant, at the time he entered possession under his lease from the life tenant, was charged with notice of the extent of his landlord's title. The tenant of the owner of the life estate, having remained in possesssion of the premises after the termination of that estate without protest or objection from the owner of the reversion, became liable to the reversioner for the reasonable value of the use and occupation of the premises at the time they were occupied after the termination of the life estate. (*Hoagland v. Crum, supra; Wright v. Roberts*, 22 Wis., 165.) Whether the tenant, after the termination of the life estate, was liable to the estate of the life tenant for rent of the premises we do not decide; but whether liable or not, the tenant recognized his promise as binding and paid the full rent reserved to the administrator of the life tenant. It is clear that the reversioner has no claim against the estate of the life tenant for this rent or any part of it. The contract between the life tenant and her lessee was not made for or on behalf of the reversioner, nor was she a party to this contract. The lessee did not pay this money to the administrator of the estate of the life tenant for the use of the reversioner; and if the lessee has any claim against the estate of the life tenant by reason of having paid rent for a full term which failed, the rever-

sioner has not succeeded by assignment, or otherwise, to that claim, nor is she entitled to be subrogated to the rights of the lessee, if she have any, against the estate of the life tenant. The question then is, whether Vallery, because he collected from the lessee of the life estate the rents reserved by the lease after its termination, is liable to the reversioner for such rents. If Vallery is liable, it must be because he has appropriated to his own use, or the use of another, property which belongs to the reversioner without the latter's consent, or that he has exercised dominion over such property of the reversioner in exclusion and in defiance of his rights. But the rents which the lessee paid to Vallery were not the property of the reversioner. There was no contract existing between this lessee and the reversioner as to this rent; and if it be true that the lessee was not indebted to the estate of which Vallery was administrator, and that the lessee should have paid this rent money to the reversioner for the use and occupation of the premises instead of paying it to the estate of the tenant for life, still it does not follow that the reversioner is entitled to make Vallery account to her for it. When the life estate terminated the reversioner became entitled to the immediate possession of the estate; to collect rents from tenants who occupied it as such; to collect from the tenant at sufferance the value of the use of the premises so long as such tenant occupied it; but it by no means follows that, because the reversioner was possessed of these rights, therefore she was the owner of the moneys which the lessee saw fit to pay to the estate of the life tenant, or the administrator of that estate, in discharge of his contract made with the tenant for life. The judgment of the district court is

AFFIRMED.