## Eli G. Bennett v. Hiram B. Robinson.

*Possession of land : Complaint : Surplusage.* In summary proceedings under the statute (*Comp. L. 1871*, § *6706-23*) for the possession of land, a complaint which sets out that the respondent is in possession of the premises, describing them, and contains the usual allegations of the common printed form, but with the blanks for the names left unfilled, and concludes that the respondent, "*therefore*, holds said premises unlawfully and against the right of this complainant, and that this complainant is entitled to the possession of the same," etc., is sufficient; the printed portion, with the unfilled blanks, being treated as if erased, and the word "therefore" rejected as surplusage.

*Possession : Presumption : Notice.* The continued possession of a grantor long after the recording of his deed to another, may raise a presumption that, as between himself and his grantee, he has either retained, or since acquired some right to the land or its possession. This case and *Bloomer v. Henderson, 8 Mich. 395,* distinguished.

*Deed : Right of possession : Contract to reconvey : Holding over : Tenancy by sufferance.* The right of possession transferred to the grantee by a deed absolute on its face is not defeated by a subsequent contract to reconvey in the future upon certain conditions, which is silent upon the subject of possession ; and the grantor holding over becomes tenant, either by sufferance or at will, of his grantee.

*Possession of land : Adverse titles : Evidence.* Adverse titles cannot be tried in the summary proceedings provided by statute to recover possession of lands ; but deeds of conveyance may nevertheless become competent evidence in such proceedings.

*Evidence : Privity : Tenancy by sufferance.* An objection to a deed offered in evidence in such proceedings, that it does not tend to show any privity between the parties, is not tenable ; privity between the parties is not required to be shown, and in cases of tenancy by sufferance, at any rate, does not exist.

*Tenancy : Notice.* In this case the question whether the tenancy was one at will or by sufferance merely, became immaterial, since both are required to be terminated by the same notice.

*Heard January 13.     Decided April 15.*

Error to Branch Circuit.

*E. G. Fuller,* for plaintiff in error.

*Ashley Pond,* for defendant in error.

CHRISTIANCY, CH. J.

This was a summary proceeding instituted by Robinson against Bennett before a circuit court commissioner, under *chapter 123 of the Revised Statutes of 1846 (Comp. L. of*

*1871, chapter 211*), to recover the possession of about half an acre of land in the village of Bronson, with a dwelling house thereon in which Bennett and his family resided.

Robinson recovered a judgment of restitution before the commissioner, and Bennett appealed to the circuit court for the county of Branch, where the case was tried before the court without a jury, and a judgment again obtained by complainant, which Bennett now brings to this court by writ of error and bill of exceptions.

There was a full finding of facts by the court, which (omitting unimportant details not affecting the main facts stated below) were as follows:

Defendant Bennett, on the 23d day of December, 1867, being then the owner of the premises, by a warranty deed (in which his wife joined) conveyed them to one Nichols. The deed was absolute and in the usual form (except that the covenants of warranty did not expressly extend to incumbrances), and was duly recorded in the office of the register of deeds, February 1, 1868; but Bennett, the grantor, still remained in possession; and on the 28th day of September, 1869, an agreement was executed in duplicate between Nichols (the grantee) and Bennett (the grantor), by which Nichols agreed that Bennett might, at any time within three years from date, pay the full amount of his indebtedness due to said Nichols and one Nathan Wheeler, in which case said Nichols should deed back the title to said lands. But this instrument does not seem to have been acknowledged, and was never recorded.

On the 21st day of May, 1870, Nichols sold, and (with his wife) conveyed the premises to complainant Robinson by a quit-claim deed (recorded June 7, 1870), for a valuable consideration,—Robinson having no notice of the special unrecorded agreement between Nichols and Bennett, unless the continued possession of Bennett is to have the effect to charge him with notice of it.

On the 27th of February, 1871, complainant Robinson personally served upon defendant Bennett a written notice

to quit and deliver up to him the possession of the premises (describing them), within three months thereafter, adding after the description of the premises, "which you hold of me as tenant at will."

This notice not being complied with, the complaint in this case was made before the commissioner on the 3d day of July, 1871.

A preliminary objection was taken to the sufficiency of the complaint for want of the necessary averments in it to give jurisdiction. The complaint set forth that defendant, "Bennett, is in possession of the following described lands and tenements," (describing them). Then follows what seems to have been the form of a printed blank, with the blanks left unfilled, as follows:

"That ——— is the owner and landlord of said premises, and said ——— is the tenant under him, and that said ——— holds over said premises after the time for which they were demised or let to ———. That said ——— holds over said premises contrary to the conditions and covenants of the lease or agreement under which ——— holds. That said ——— has refused and neglected for fourteen days after demand of possession," etc., and then closes as follows:

"That said Eli G. Bennett, *therefore*, holds said premises unlawfully and against the right of this complainant, and that this complainant is entitled to the possession of the same;" closing with the prayer for process, etc.

It is urged that the specific ground upon which complainant claims the possession of the premises, and upon which he claims that defendant unlawfully withholds them, ought to be stated; and the blanks in the complaint being left unfilled, no premises are laid for the conclusion stated, that defendant, "*therefore*, holds said premises unlawfully," etc.

It is true, that in form the word "therefore," and the clause following it, treated only as a conclusion, might seem to be inconsequent. But the grammar may be

faulty, and the complaint good, notwithstanding. And it is quite clear, within our own decisions, that the allegation of defendant's unlawfully holding the premises is good, though no premises be stated from which it would follow as a conclusion, if it be stated that defendant is in possession and that he "holds them against the right of complainant;" since the statute itself (*Comp. L. of 1871*, § *6707*) merely requires the complaint to state such possession by the defendant, and that " he holds the same unlawfully and against the rights of complainant." The rest is matter of proof.—*Bryan v. Smith, 10 Mich., 229;* and see *Vos v. Dykema, 26 Mich., 399.* This complaint must be treated precisely the same as if the clauses of the printed blank left unfilled had been left out or erased; and the word "therefore," in the connection in which it is found, being without meaning, must be rejected as surplusage.

The circuit judge found, as a conclusion of law from the facts, that the deed from Bennett and wife to Nichols was, as between them, a mortgage, but the defeasance not being recorded, the deed and the record thereof was only notice to Robinson of an absolute conveyance of the title to Nichols, and that the possession of Bennett, under such circumstances, was no notice to Robinson of any rights or equities of Bennett in the land; resting this conclusion, as it would seem, upon the decision of this court in *Bloomer v. Henderson, 8 Mich., 395.* But the conveyance in question in *Bloomer v. Henderson* was comparatively recent, and the possession had continued but a short time when the right of the purchaser of the mortgage accrued; and for this reason, under the circumstances of that case, to have allowed the grantor's continued possession to operate as a notice of his rights and of the fraud by which the deed was obtained, would have been to allow him to make his own culpable negligence a trap to the purchaser of the mortgage. But in the present case Bennett had remained in possession two years and about eight months after his deed to Nichols, when Robinson purchased of the

latter. And it is, we think, quite manifest that the possession of a grantor after the conveyance from him has been recorded, may be continued for so long a period as to afford ground for a probable inference or presumption that he must, as between himself and the grantee, have either retained or since acquired some right to the land or its possession. We do not, therefore, feel quite satisfied to place the right of Robinson, the complainant, upon this ground, after so long a possession by Bennett; especially as there is another view of the case leading to the same result and resting upon more satisfactory ground.

Bennett's deed to Nichols was absolute and without reservation, and clearly conveyed to Nichols the right of possession. The agreement of Nichols that he would reconvey upon payment of certain debts within three years was not made until one year and nine months after the deed; and this contract says nothing upon the subject, and of course, therefore, gives no right of possession to Bennett. And there is not enough in the evidence to show that, as between the parties themselves, the deed was reduced or amounted to a mortgage only, until after the execution of the agreement. Whether, when it was executed, it had the effect to make the whole transaction a mortgage only, or was more properly a contract for a resale, we need not determine; since, if the transactions taken together then amounted to a mortgage, so far as related to the right of redemption and the necessity of foreclosure to make an absolute title, yet it was not an ordinary mortgage, leaving the right of possession in the mortgagor, but one which placed the right of possession in the grantee or mortgagee. See *Wetherbee v. Green, 22 Mich., 311.* .

The conveyance made by Nichols to the complainant operated at least as an assignment of this mortgage, if it were only such, and a transfer of the right of possession before vested in Nichols.

But the introduction of the deeds from Bennett to Nichols and from the latter to the complainant, was objected

to, on the ground that this is not a proceeding in which the title can be tried, and that they did not tend to show any privity between complainant and defendant, or that the latter was the tenant of the former.

It is quite true that this is not a proceeding in which adverse titles can be tried; and if complainant had set up a claim to recover possession of the premises under a title hostile or paramount to that which defendant had conveyed to Nichols, the court would have had no jurisdiction to try it in this proceeding. But the statute expressly provides that " the person entitled to the premises may recover the possession thereof" in this proceeding ' (among other cases), " when any tenant at will or by sufferance shall hold over after the termination of his estate by a notice to quit, as provided by law."—*Comp. L. of 1871*, § *6706*. And *section 4304* (of the same compilation) declares that "'all estates at will or by sufferance may be terminated by either party by three months' notice given to the other party." These provisions are positive, general and without exception or qualification, and apply to all cases of tenancies at will or by sufferance, and would be nullified in any case where the court should deny the complainant the right of proving any state of facts going to create or establish either of these species of tenancies, whether that proof should consist of deeds of conveyance or any other evidence.

The statute says nothing of privity between the parties, and certainly none can be required by implication, in the case of a tenancy by sufferance; since there never was any privity, either of contract or estate, in that kind of tenancy; and to require it would be to take this species of tenancy out of the statutes. See *1 Washb. on R. Pr., 335 (3d ed.)*

The New York statutes are very different from our own in respect to the tenancies by sufferance to which these special proceedings are made applicable. The proceeding is there confined to those classes of cases, whether tenancies by sufferance or otherwise, in which the *conventional* rela-

tion of landlord and tenant exists, and applies, so far as tenancies by sufferance are concerned, only to that particular class of them which arises from holding over after the expiration of a lease or term, and (by special provision) to lands sold on execution.    This is sufficiently apparent from the judgment in *Sims v. Humphrey, 4 Denio, 185,* where the peculiarities of their statutes are set forth.

It needs but a glance at our statutes in connection with the case just cited to show that the proceeding is not thus confined in this state, so far as tenancies by sufferance are involved.

Now it is clear, within the decision of this court in *Allen v. Carpenter, 15 Mich., 25,* that Bennett remaining in possession after his conveyance to Nichols, became a tenant by sufferance to him, and that by the conveyance of Nichols to complainant the defendant became tenant by sufferance to the latter.    And though the special unrecorded agreement between Nichols and Bennett might, as between them, have changed their relation to that of mortgagor and mortgagee in a modified sense, yet this, as already shown, did not affect the right of possession, which was in Nichols by the deed, and was conveyed to complainant by Nichols' deed to him.

It is true, that whenever the continued possession of Bennett should have been clearly assented to by Nichols, or after him by complainant, so as to become clearly a holding by the assent, instead of the mere laches, of the owner, or mortgagee, the possession would cease to be wrongful (which a tenancy by sufferance to a certain extent always is), and the tenancy by sufferance would be changed to one at will.    But whether any such change had taken place when this proceeding was instituted, is quite immaterial ; since, for the purposes of this proceeding, the result would be precisely the same.    Both kinds of tenancy are now required to be terminated in the same way, by a three months' notice.    This was given, and was sufficient to terminate the tenancy, whether at will or by sufferance.

The circuit court was, therefore, right in holding that the notice was good, though it may have called the tenancy by one name, when it may in fact have been the other. It is not necessary to determine whether it was at the time one or the other.

There was no error in the judgment or proceedings of the circuit court, and the judgment of that court must be affirmed, with costs to complainant in this and the circuit court.

The other Justices concurred.