KATE E. WILLSON ET AL. v. JAMES M. GIFFORD ET AL.

*Encroachment on highways—Laches in suing out certiorari.*

The proceeding for the summary removal of encroachments upon a highway (Comp. L., ch. 27) does not cover cases where there is a dispute in good faith as to whether any highway was ever opened which included the land where the alleged encroachments are.

Where a writ of certiorari has been properly allowed and issued, it should not be dismissed for any delay in suing it out within the statutory period allowed, unless meanwhile rights have arisen in reliance on the proceeding attacked.

Certiorari to justice of the peace and commissioner of highways. Submitted January 7. Decided January 13.

*Henry A. Shaw* for plaintiffs in certiorari.

*A. M. Culver* for defendants in certiorari. The statutory remedy against encroachments on the public highway will not lie if there is any question as to the existence of the highway, *Parker v. People*, 22 Mich., 93; *Campau v. Button*, 33 Mich., 525.

COOLEY, J. This was a proceeding against the plaintiffs in error for encroaching by their fences upon a highway supposed to exist on the township line between the townships of Clarence in Calhoun county and Brookfield in Eaton county. The parties were proceeded against jointly, though the encroachment by each, if any existed, was distinct from that of the other. The principal question in contest appears to have been whether there was any highway at all. The public authorities seem to have had doubts on this subject, and in 1877 took proceedings for the laying out of a new highway over the same line, and the highway commissioners ordered one to be established. Willson, one of the plaintiffs in error, appealed from this order to the township boards, and those boards on a joint meeting to hear the appeal, decided that a highway, laid out in 1869, was already in existence. The present proceeding was then instituted, and resulted in a conviction.

There was no showing that any highway was ever opened or used which embraced the land claimed to be covered by encroachments. The case therefore stood upon proof of the laying out of a road which the defendants disputed, and which for many years had never been fully acted upon. If a road was actually laid out in

due form of law, the defendants have practically denied·
it from the first, and there is no doubt that they dis-
pute it in good faith now.

The proceeding for the summary removal of encroach-
ments (Comp. L., ch. 27) was not provided for a case
like this. In *Roberts v. Highway Commissioners*, 25 Mich.,
23, 28, it is said of such a case that "whenever the
contest shall appear before the jury to be, really and in
good faith, a question of the existence of the highway
claimed, or a question involving the title to real estate,
rather than a question of encroachment upon a highway
admitted to exist, or the existence of which is not in
good faith seriously contested, or so clearly shown as to
admit of no real and *bona fide* contest, the whole pro-
ceeding should be dismissed by the jury, as beyond their
jurisdiction in such a proceeding." That case should
govern this.

It was said on behalf of defendants in error that the
court ought not to review the proceedings because of the
delay of plaintiffs in error in suing out the writ of cer-
tiorari. *Matter of Lantis*, 9 Mich., 324. The delay was
a little over a year. If the case were one in which
rights might have grown up in reliance upon the pro-
ceeding before the writ was sued out, this objection to
the writ would have force; but it does not appear how
this can be. The statute (Comp. L., §§ 7134, 7127) per-
mits the writ to be sued out at any time within two
years from the time the action was taken which is com-
plained of, and when the writ is once properly allowed
and issued, we should not dismiss it unless justice ap-
peared to demand that course.

As the case made was not within the statute, we pass
over formal errors.

The proceedings must be quashed.

The other Justices concurred.