## HARRIET FOSS v. ARIE VAN DRIELE.

*Attornment to prevailing party in ejectment.*

An attornment by a tenant to a third party, who has recovered the premises from him by an action of ejectment and writ of possession, is not voluntary in any such sense as to make it a wrong against the tenant's original landlord.

Where a tenant has been legally evicted by a third party and has attorned to him, summary proceedings against him by his original landlord to recover the premises, are not the proper remedy for determining the title to the land as between the landlord and the third party. The appropriate proceeding is ejectment against such third party.

Error to Kent. Submitted Oct. 19. Decided Oct. 26.

PROCEEDINGS under Comp. L. ch. 211 to recover possession of lands. Defendant brings error. Reversed.

*Eben Smith* and *J. W. Ransom* for plaintiff in error. Eviction by paramount title destroys the tenancy: Wood's L. & T. 807; *Marsh v. Butterworth* 4 Mich. 575; and the tenant is not thereafter precluded from disputing the landlord's title: *Byrne v. Beeson* 1 Doug. (Mich.) 179; *Heath v. Williams* 25 Me. 209; *King v. Murray* 6 Ired. (N. C.) L. 62; *Ankeney v. Pierce* 1 Ill. 202; the estoppel ceases on the determination of the lease: 4 Bac. Ab. tit. Leases (O.) 191; Wood's L. & T. 369 et seq.; after judgment of eviction against the tenant, he may attorn to the successful claimant without the landlord's consent even though he has not been actually dispossessed: *Moffat v. Strong* 9 Bosw. 57; *Lunsford v. Turner* 5 J. J. Marsh. 104; *Foster v. Morris* 3 A. K. Marsh. 609.

*Grove & Harris* for defendant in error. A tenant cannot justify attornment to a stranger by merely showing that the latter has recovered judgment against him for possession and that he had been evicted on a writ of possession; it must also be shown that the landlord had been notified of the pendency of the action and had an opportunity to defend, or the landlord is not bound by the judgment: *Douglas v. Fulda* 45 Cal. 592; *Thompson v. Pioche* 44 Cal. 508; *Bertram v. Cook* 32 Mich. 521; *Perrin v. Lepper* 34 Mich. 295.

GRAVES, J. Van Driele commenced summary proceedings before a circuit court commissioner to obtain possession of a lot in the city of Grand Rapids and the action was appealed to the circuit court. The case was there tried before a jury who found in complainant's favor and the defendant brought error.

The case made by complainant was that he let the premises by oral lease to Mrs. Foss, in January, 1879, and that she entered under the lease and paid rent until the middle

of April, 1880, and then refused to make further payment and also refused to quit after regular demand and notice.

The family was composed of three persons besides a hired girl: Mrs. Foss, a daughter in ill health, and a son, Charles De Van, aged thirty years. These persons were joint inmates of the house from the beginning and formed one household. It was claimed by defendant that the lease from complainant was to her son Charles, and that he furnished all the rent which was paid, and that in negotiating with complainant and in looking over the premises prior to the lease, and in paying rent, she merely acted in part as agent for her son and in part as an interested member of the household. And there was evidence which tended to establish this position. There was also evidence tending to prove that the son was in fact the head of the family and that the possession of the others was included in his possession, and in reference to legal proceedings to get possession was not separable therefrom.

It further appeared that on the 8th of March, 1880, Francis B. Gilbert brought ejectment against the said Charles De Van for the same premises and claimed them in fee, and that on the 1st of May thereafter he recovered judgment, and two days later took a writ of possession which was delivered to the sheriff for execution on the day of issue. The officer attended by Gilbert called to execute the writ, and thereupon De Van, the defendant in that case, together with Mrs. Foss, submitted to the officer's authority and entered into an arrangement with Gilbert and agreed to hold under him. A lease was immediately made in writing and Gilbert subscribed it the next day. The evidence, which is not disputed, shows that the eviction was complete and that the attornment to Gilbert was not a voluntary act in any such sense as to make it a wrong against complainant. *Fishar v. Prosser* Cowper 217; *The Home Life Ins. Co. v. Sherman* 46 N. Y. 370; *Morse v. Goddard* 13 Met. 177. Had the attornment been really voluntary the transaction would have been exposed to different considerations.

The substantial controversy is between the complainant and Gilbert, the family of which Mrs. Foss is one member having no possession except as given by Gilbert and held under him, and the real dispute is in respect to the adverse titles of Gilbert and complainant, and it is impossible to determine it in this kind of proceeding. *Bennett v. Robinson* 27 Mich. 26. The appropriate remedy is ejectment. We cannot assume that a different state of facts may not be shown and consequently cannot make a final disposition of the case. The other points are not material.

The judgment is reversed with costs and a new trial granted.

The other Justices concurred.