HYMAN C. KNOWLTON v. ZELPHA E. AMY, CALVIN B. AMY AND MERRITT H. LEWIS.

*Fraud in exchange of real estate.*

A bill was filed to set aside an exchange of real estate for fraud in representing defendant's lot to be unencumbered, and the main defence was that complainant's land was also encumbered. Defendant had sold the land obtained on the trade to a purchaser who had connived in the fraud. It appeared that the encumbrance on complainant's land was a mortgage which covered some adjacent property, and that the latter had been sold subject to the entire mortgage; and it was not shown that this mortgage had been concealed. *Held*, proper to rescind the bargain, and that, under the prayer for cancellation and general relief, it was proper to decree that conveyances be made to restore the title.

Appeal from Eaton. Submitted Oct. 19. Decided Oct. 26.

BILL to set aside deed. Defendant Lewis appeals. Affirmed.

*John Wood* and *Clement M. Smith* for complainant.

*Henry A. Shaw* for defendants

CAMPBELL, J. The bill in this case was filed to set aside an exchange of property for fraud; and the decree below was in favor of complainant.

In April, 1879, complainant bargained with defendant Zelpha Amy to exchange his lot in Eaton Rapids for her eighty-acre lot on section 24, town 1 north of range 3 west, in Eaton county, and to pay her besides $1050 properly secured. After the papers were exchanged he discovered that the title which she had represented as clear was encumbered by a mortgage for $1025 to one Anna Cochran, which is unpaid and in foreclosure. The bill claims a rescission for fraud, and brings in Lewis to whom she conveyed the lot, as a purchaser in bad faith.

The case is fully made out by the proofs, and the only defence which has any importance is that complainant's lot was also mortgaged.

The testimony shows that there is a mortgage which covers this and an adjacent lot, but that the owner of that lot purchased subject to the entire mortgage. There is some conflict concerning the value of that parcel. The testimony does not indicate that complainant made any fraudulent concealment of this mortgage, while on the other hand there was positive fraud and artifice in mutilating the abstract of defendant's land, and Lewis appears to have known this and had some part in making or concealing the deception.

We think equity required the rescission of the bargain, and that the complainant had placed defendants clearly in the wrong so that he was entitled to relief. The prayer for cancellation and for general relief made the decree for conveyances to restore the title entirely proper under the pleadings.

The decree should be affirmed with costs against Lewis, the appellant.

The other Justices concurred.