WILLIAM RIGGS v. WILLIAM STERLING AND SALLIE M. STERLING.

*Proceedings to recover possession—Homestead.*

Questions of title are not triable in mere summary proceedings before a circuit court commissioner to recover possession of real estate; and

a homestead right, though not strictly an estate, sufficiently involves the question of title to fall within this rule.

A justice of the peace has the same jurisdiction as a circuit judge in summary proceedings to recover possession; and the judge can decide no question therein that could not have been decided by the justice.

Adverse and paramount homestead rights, claimed by an execution defendant, may be brought under consideration in ejectment brought by an execution purchaser; or the defendant can move to set aside the execution sale, or file a bill in equity.

Error to Wayne. (Chambers, J.)   June 14.—June 22.

Proceedings to recover possession of land.   Complainant appeals.   Proceedings set aside.

*S. E. Engle* for complainant appellant.

*Sawyer & Knowlton* for defendant.

GRAVES, C. J.   In 1874 the defendant William bought the premises in the record, and from thence hitherto he and his wife, the defendant Sallie, have continued to occupy them as their home and residence.   The premises are less than 40 acres and lie in the country, and not within any recorded town plat, or city or village.   They were worth $2000.   In January, 1880, the plaintiff recovered a judgment against the defendant William, and in February levied on this property.   The defendants had notice of the levy, but paid no attention to it, and the plaintiff made no attempt to have an appraisal.   In April the sheriff sold to the plaintiff for $1720, and the latter paid the money to the officer, who subsequently satisfied the execution and retained the residue, $1506.62, for the defendants.   No redemption being made, the plaintiff received a deed, and subsequently brought this proceeding before a commissioner, under subdivision 3 of § 6706 of the Compiled Laws, to recover possession, and the cause went by appeal to the circuit court, where judgment was given for defendants, and the plaintiff alleges error.

The case was determined by the circuit judge without a

jury, and it appears from his finding, as also from the argument here, that the real issue between the parties was upon the existence of a right of homestead, adverse and paramount to the right claimed by the plaintiff under his purchase on the execution sale.

Before advancing a step we encounter a question of jurisdiction. It is one which cannot be avoided. Was this matter of homestead capable of adjudication by collateral means in this kind of action? It seems to me not. The controversy was within the principle which forbids the trial of adverse titles in these summary proceedings. *Bennett v. Robinson* 27 Mich. 26; *Vos v. Dykema* 26 Mich. 399; *Foss v. Van Driele* 47 Mich. 201.

Although a right of homestead may not be in strictness an estate, it is a matter of title, and one which may, as it does frequently, involve questions of the greatest difficulty, and it is not to be supposed that the Legislature intended to make such questions triable in a proceeding of this character. A justice of the peace has the same jurisdiction as a circuit judge in trying these cases, and the latter can decide no question in them that could not be adjudged by the former, and it has never been the policy to confide such inquiries to magistrates, or to any summary tribunal. Comp. L. § 5250, as amended in 1875, p. 258; sections from 5325 to 5333, inclusive, and amendments of 1881, p. 23; *Roberts v. Highway Commissioners of Cottrellville* 25 Mich. 23; *Campau v. Button* 33 Mich. 525; *Willson v. Gifford* 42 Mich. 454. These references sufficiently illustrate the policy.

When it appeared to the commissioner that the contest was really one concerning the existence and validity of the right of homestead, the proceeding should have been dismissed, and the parties have been remitted to other and proper methods. The plaintiff, no doubt, might have brought the question under judicial consideration by an action of ejectment, and perhaps in some other way; and the defendants might have moved to set aside the sale, or might have filed a bill in equity.

The case should be remanded, with directions to set aside

the proceedings; and we see no ground for requiring either party to pay costs to the other.

CAMPBELL and SHERWOOD, JJ. concurred.

COOLEY, J. I do not concur in the foregoing opinion. The point upon which it is decided is not raised by any assignment of errors, and has not been argued by counsel, and I am not prepared to say what opinion I might have upon it if it were deliberately considered. As at present advised, I should not be inclined to agree in the views expressed, but I place my non-concurrence on the ground that the point has neither been argued nor made by counsel.