## WILLIAM MULDER v. ROBERT CORLETT.

*Jurisdiction on appeal from commissioner.*

The jurisdiction of the circuit court on the appeal from a circuit court commissioner of a summary proceeding to recover possession of land, is no greater than the commissioner had; and if the title to the land was involved, as it would be if defendant denied the validity of an execution sale under which plaintiff claimed, a motion to dismiss the proceeding should be granted.

Error to Muskegon. (Russell, J.) April 24.—June 11.

PROCEEDINGS to recover possession. Defendant brings error. Reversed.

*Cook, De Long & Fellows* for appellant.

*McLaughlin, Delano & Bunker* for appellee.

SHERWOOD, J. This action was a proceeding before a circuit court commissioner, to recover the possession of a quantity of land in the township of Ravenna, in the county of Muskegon. The parcel consisted of defendant's homestead of forty acres, and about twenty acres adjoining. There was no question but that on the 10th day of November, 1880,

he was the owner in fee of the premises in question. On February 17, 1883, this suit was commenced by the plaintiff against the defendant. The complaint is in the usual form, and no objection is taken thereto, provided the circuit court commissioner had jurisdiction to try the question of title involved in the case, and this is the first question demanding our consideration.

On November 10, 1880, the defendant's wife commenced her suit against him for divorce and permanent alimony on the ground of cruelty and neglect. The bill described the land, and prayed for a sale thereof if necessary to satisfy such decree as complainant might obtain against the defendant; and the court decreed that defendant should pay complainant $1500 alimony, in three equal installments, in thirty, fifty and seventy days thereafter; and contained the further clause that in case of failure to pay either of the installments, those remaining unpaid should all become due, and upon complainant filing affidavit of that fact execution might issue without further order of the court, and the land be sold thereon by the sheriff of the county of Muskegon to satisfy the complainant's claim.

The affidavit of complainant's solicitor was made and filed, declaring the whole amount due, and execution was issued on the 8th day of July, 1881, by the register in chancery for the amount of the decree, directed to the sheriff, to levy upon and sell the premises in question if necessary to satisfy the complainant's decree and costs, and on the same day the levy was made. Soon after the levy was made, defendant gave notice to the sheriff that he claimed the forty acres of the premises upon which his house stood, as his homestead. On the 15th of October, 1881, the sheriff made sale of the property in question,—the homestead part for $1100 and the remainder for $530,—and in January following, and after the sheriff's term of office had expired, he executed to the plaintiff a deed of said parcels. During all these proceedings it appears the defendant had possession of the premises, and claimed the forty acres as his homestead.

The proceedings are brought under subdivision three of

How. Stat. § 8295, relating to "Summary Proceedings to Recover the Possession of Land." The circuit court commissioner gave judgment for the plaintiff, and, on appeal to the circuit, the plaintiff, under the rulings of the court, again obtained judgment, the court directing the verdict in his favor. It will be seen that, to enable the plaintiff to recover, he must show title in himself to the property, and it was substantially conceded that the defendant was the owner of the fee and in possession at the time suit was brought, unless through the execution sale he was deprived of it and plaintiff obtained it. The defendant denied the validity of the sale. The question of title must therefore be litigated and determined in the plaintiff's favor, in order to entitle him to the judgment he obtained. This cannot be done before a circuit court commissioner, and on appeal to the circuit, the circuit judge had no greater or more extensive jurisdiction than the commissioner. Wells on Jurisdiction 387–389, note; *Bennett v. Robinson* 27 Mich. 30; *Foss v. Van Driele* 47 Mich. 201; *Vos v. Dykema* 26 Mich. 399; *Riggs v. Sterling* 51 Mich. 157; *Winterfield v. Stauss* 24 Wis. 397.

We think the case should have been dismissed when the motion was made to the court for that purpose. The case was before the circuit court under the same limitations and restrictions which governed the commissioner.

There are several other errors well assigned, and which, we think, would have been fatal had the circuit court had jurisdiction to try the title, but it is unnecessary to consider them, as what we have already noticed disposes of the case

The judgment must be reversed and the proceedings dismissed with costs of both courts.

The other Justices concurred.