# JUNE TERM, 1896.

## JENKINSON v. WINANS.[1]

1. SUMMARY PROCEEDINGS—LANDLORD AND TENANT—EXTINGUISH·
MENT OF TITLE—ATTORNMENT.

While a tenant cannot, during the continuance of the ten-
ancy, dispute the title under which he obtained possession, he
may show, in summary proceedings to obtain possession of the
leased premises, that his landlord's title has been extinguished
by a sale of the land for taxes, and that he has attorned to
the purchaser at such sale.

2. SAME—JURISDICTION—QUESTION OF TITLE.

A circuit court commissioner should dismiss a summary pro-
ceeding brought before him to recover the possession of leased
premises when a question of title is raised by defendant's offer
to show a sale of the land for taxes to a third party, to whom
defendant claims to have attorned.

Error to St. Clair; Vance, J. Submitted February 18,
1896. Decided June 2, 1896.

Summary proceedings by John Jenkinson against Bert
E. Winans to recover the possession of leased premises.
The commissioner found for the claimant, and from a
judgment of the circuit court, affirming the decision, de-
fendant brings error. Reversed.

*Cyrus A. Hovey*, for appellant.

*Frank Whipple*, for appellee.

LONG, C. J. This proceeding was commenced before
a circuit court commissioner to recover possession of

---

[1] Rehearing denied July 8, 1896.

certain premises which the claimant claimed to own in
fee.   The commissioner found in favor of the claimant.
The defendant thereupon removed the cause to the circuit
court by writ of *certiorari*, where the findings of the
commissioner were affirmed.   The cause comes to this
court by writ of error.

It appeared before the commissioner that the claimant
was the owner in fee of the land, and leased the same to
the defendant at a rental of $9 per month.   The defend-
ant paid the rent to claimant for a time under his lease,
when in June, 1895, he refused to pay any further rent,
and claimed that he was holding the premises under one
Laurence E. O'Neill, from whom he then rented the
premises at the rate of $5 per month.   It appeared, fur-
ther, that O'Neill, in 1893, bid in the premises at a tax
sale of that year for the taxes of 1891; that, after the sale to
him, and while defendant was in possession under claim-
ant, he filed a petition in the circuit court for the county
of St. Clair, in chancery, where the lands where situate,
for a writ of assistance.   The petition for the writ,
together with the auditor general's deed for the premises,
and the decree of the court ordering the sale, and also
a written demand for the possession of the premises, were
served upon Winans, whereupon Winans entered into
a lease from O'Neill, and thereafter the petition was
withdrawn, and the proceedings for the writ of assistance
were dismissed.   From the return of the commissioner it
appears that the defense sought to be made by Winans
there was that O'Neill had a paramount title, and that,
by reason of his (O'Neill's) demand for possession, defend-
ant had the right to treat the demand as an ouster, and
thereafter attorn to O'Neill, and that, being in possession,
by reason thereof, under the lease from O'Neill, the
claimant could not recover possession from him.   That
position is sought to be sustained in this court.

The general rule is stated in *Byrne* v. *Beeson*, 1 Doug.
179, as follows:  " A tenant cannot dispute the title of his
landlord, nor, by his own act merely, change the tenure so

as to enable himself to hold against his landlord. He cannot, during the continuance of the lease or tenancy, make a valid attornment to a third person." This doctrine has been reiterated by this court many times since. *Lee* v. *Payne*, 4 Mich. 106; *Blanchard* v. *Tyler*, 12 Mich. 339; *Ryerson* v. *Eldred*, 18 Mich. 12; *Fuller* v. *Sweet*, 30 Mich. 237; *Bertram* v. *Cook*, 32 Mich. 518; *Perrin* v. *Lepper*, 34 Mich. 292; *Nims* v. *Sherman*, 43 Mich. 45. In the case last cited it was said by Mr. Justice COOLEY: "One who is a tenant in fact, it is justly held, shall not dispute the title under which he has obtained possession, even though he has since acquired a better title; but, when he has surrendered the possession obtained by means of the tenancy, he may at once turn about and try titles with his late landlord." Though the tenant cannot show that the lessor had no title to the premises when the tenancy commenced, he may show that the lands have been sold at tax sales, and the landlord's title thereby extinguished. The estoppel extends only to the title which the landlord had at the time of leasing. If that title has been extinguished, it may be shown; for then the landlord has no right to the possession. As was said in *McGuffie* v. *Carter*, 42 Mich. 497:

"The rule is familiar that both tenants and those in privity, either in blood or estate, are estopped from disputing the title of the landlord, or the title of anyone who succeeds to his rights, so long as they hold the possession originally derived from him. But this principle does not forbid the tenant from showing that the landlord's title has expired, or has been extinguished by his own act or by operation of law,"—citing *Lamson* v. *Clarkson*, 113 Mass. 348 (18 Am. Rep. 498); *Fuller* v. *Sweet*, 30 Mich. 237; *Hilbourn* v. *Fogg*, 99 Mass. 11; *Despard* v. *Walbridge*, 15 N. Y. 374; *Mountnoy* v. *Collier*, 1 El. & Bl. 630, 16 Eng. Law & Eq. 232.

But in this case the commissioner, while excluding the evidence that would tend to show title in the defendant, continued to take cognizance of the case, and to try and determine the rights of the parties, and awarded restitu-

tion to claimant.    When the question of title arose by the proofs offered, the commissioner should have dismissed the proceedings, as he had no jurisdiction to try the question of title.    *Butler* v. *Bertrand*, 97 Mich. 61, and cases there cited.

The proceedings before the commissioner must be quashed, and the judgment of the circuit court reversed, with costs of both courts in favor of defendant.

HOOKER and MOORE, JJ., concurred.    GRANT and MONTGOMERY, JJ., did not sit.