## MEESKE v. MILLER.

1. LANDLORD AND TENANT — SUMMARY PROCEEDINGS — RIGHT TO DISPUTE LANDLORD'S TITLE.

In summary proceedings for the possession of leased premises, it appeared that after foreclosure of plaintiff's mortgage, defendant, the mortgagor, remained upon the land under an agreement to purchase and to pay rent, and that prior thereto a third person had bought a tax title, and defendant had also been paying rent to him. *Held* that the title to land was not in question so as to require dismissal of the proceedings, as defendant could not thus dispute his landlord's title.

2. CERTIORARI—FINDINGS OF FACT—CONCLUSIVENESS.

On certiorari to a circuit court commissioner to review summary proceedings, his findings of fact on conflicting evidence are conclusive.

Error to Muskegon; Russell, J. Submitted October 5, 1904. (Docket No. 9.) Decided October 26, 1904.

Summary proceedings by Otto G. Meeske against Frederick W. Miller before a circuit court commissioner for the possession of certain leased premises. Plaintiff had judgment of ouster before the commissioner, which was reversed by the circuit court on certiorari, and plaintiff brings error. Reversed, and judgment entered for plaintiff.

*Stephen H. Clink*, for appellant.

*W. E. Hoyt* (*R. J. Macdonald*, of counsel), for appellee.

HOOKER, J. The complainant recovered a judgment of eviction before a circuit court commissioner, upon a claim that the premises were wrongfully withheld from him by Miller, his tenant. This judgment was reversed

in the circuit court on certiorari, and is before us on writ of error, issued at the instance of the complainant.

The return to the writ shows that Miller, being in possession as owner of the original title to the premises, mortgaged them to Meeske, the complainant. Subsequently the land was sold for delinquent taxes to one Foss, who took a deed for the same from the auditor general. Foss was a relative of Miller. Meeske foreclosed his mortgage in chancery, taking a commissioner's deed. A demand was then made for possession, after which an arrangement of some kind was made by which the defendant continued in possession. Complainant claimed that Miller agreed to purchase the land for the amount due, and meantime to pay $5 a month rent. Miller admitted the arrangement, and that he agreed to pay the debt for which the mortgage was foreclosed, but denied that he promised to pay rent. The proceeding was based upon a claim that he was complainant's tenant, and of nonpayment of rent.

Upon the trial before the commissioner, complainant first learned of the tax title by the production of the deed, and the testimony of Foss and the defendant that for six years the latter had been paying $60 a year rent to the former. Upon certiorari the circuit judge was of the opinion that title to land was brought in question, and that the commissioner should therefore have dismissed the proceeding, under the rule laid down in *Butler* v. *Bertrand*, 97 Mich. 59, and *Jenkinson* v. *Winans*, 109 Mich. 525.

It is shown beyond controversy that, at the time of the arrangement between Miller and Meeske, Foss had all of the title that he ever had, and that Miller knew of it. He saw fit at that time to recognize the title of Meeske, and by his agreement he became his tenant, either at an agreed rent, or at will or sufferance. The commissioner found that he agreed to pay rent, and that finding is conclusive of the question, there being evidence to that effect. No change in the title of complainant has occurred since that agree-

ment was made, as was the claim in the case of *Jenkin-son* v. *Winans,* and the defendant was therefore not in a position to dispute that title.    It is settled by those cases that when the proof shows that the title to the land is in controversy the commissioner should dismiss summary proceedings, for the reason that such is not a proper proceeding in which to try the title to land.    In this case the title to land was not shown to come in question, for the reason that the defendant was not in a position to dispute his landlord's title, nothing having occurred after their arrangement to change their relations or the condition of the title.    The evidence conclusively showed that defendant was in possession under the agreement with the complainant, whether he agreed to pay rent or not, as a purchaser of the land from him.    If it were true that he had been paying rent to· Foss for a number of years, it would make no difference; for defendant dealt with the complainant, and as between them became his tenant, and he is estopped from questioning his landlord's title as it then existed, whatever Foss might do, were he a party.    It is suggested that complainant cannot recover because there was not a promise to pay rent.    The reply to that is that there was evidence pro and con upon that question, and the judgment of the commissioner upon it is not subject to review, as already intimated.

The judgment of the circuit court is reversed, and a judgment of ouster will be entered here in accordance with the judgment of the commissioner which is hereby affirmed, together with costs of all courts to be taxed.

The other Justices concurred.