### TEFFT v. TEFFT.

1. LANDLORD AND TENANT—RECOVERY OF POSSESSION — SUMMARY PROCEEDINGS—JURISDICTION—QUESTION OF TITLE—HOW RAISED. In summary proceedings to recover possession of land, under section 11164, subd. 1, 3 Comp. Laws, though it is true that a question of title cannot be tried, the question must be necessarily involved under the evidence in the case, and a mere averment in the plea, not supported by evidence, is insufficient to oust the commissioner of jurisdiction.

2. SAME—EXISTENCE OF RELATION—EVIDENCE—SUFFICIENCY. Where the record showed that a lease was made between complainants and defendant, and that according to its terms the lease had ended and complainants were entitled to possession, and no evidence was offered by defendant, it was error to direct a verdict for defendant, though by a notice attached to his plea he alleged that his wife was entitled to the land and that it was a homestead, and the proofs failed to show that complainants represented the entire interest.

Error to Saginaw; Gage (William G.), J. Submitted June 11, 1908. (Docket No. 77.) Decided September 15, 1908.

Summary proceedings by John G. Tefft and others against Charles B. Tefft for the possession of certain real estate. There was judgment for defendant on a verdict directed by the court, and complainants bring error. Reversed.

*T. P. Zander* (*James H. Davitt*, of counsel), for appellants.

*Crane & Crane*, for appellee.

MOORE, J. This is an action brought under subdivision 1, § 11164, 3 Comp. Laws. The complaint was made in due form, the complainants being John G. Tefft, Sarah J. Tefft, Arethusa C. Faucett, and Tacitus P. Zander, by Tacitus P. Zander on his own behalf and as agent for the other complainants. A summons was issued in the name of complainants. Upon motion made before the commissioner, the name of Arethusa C. Faucett was stricken from the complaint and summons. Just when this was done does not appear in the record. The defendant pleaded not guilty, and gave notice of special defense, which was, in effect, that the wife of defendant was entitled to the property, and that the question of title was involved. The case found its way to the circuit court, where it was tried before a jury.

The complainants introduced in evidence a lease dated April 21, 1905, made by John G. Tefft, Henry C. Tefft, and T. P. Zander, running to Charles B. Tefft, of the premises involved in the controversy, the lease expiring in one year from the date thereof; also a land contract from Lucy B. Tefft, owner, to Charles B. Tefft, purchaser. Also a paper reading as follows:

"ST. CHARLES, MICH., 4-21-1905.

"I hereby acknowledge receipt in full of all claims against any of the owners of E. ½ of S. E. ¼, Sec. 20, Town 11 N., R. 3 E., and attorn to them as their tenant by virtue of a lease of said premises executed this day, and which is the consideration herefor.

[Signed]        "CHARLES B. TEFFT."

It was conceded that, after the making of the lease and before the commencement of this suit, Henry C. Tefft, one of the lessors, conveyed all of his interest in the property described in the lease to Sarah J. Tefft, one of the complainants in this case. It was conceded that Arethusa Faucett, whose name originally appeared in the complaint and summons, was dead before they were made and before this suit was begun. It also appeared from the proofs that Arethusa Faucett at the time the lease was made was the owner in common with the other lessors of the lands in question; that her interest therein at that time was an undivided one-third; that after the execution of the lease she conveyed one-half of her interest to complainant Zander; and that at the time of her death she was still the owner of the remaining one-sixth. Neither her heirs nor legal representatives were made parties to this suit by amendment or otherwise. It was conceded that the defendant was married, and that he and his wife were living upon the farm in question. No proof was made upon the part of the defendant. His counsel moved the court to direct a verdict in his favor; the counsel insisting the farm had been a homestead for Mrs. Tefft a good many years. The judge was of the opinion that the proofs failed to show that the complainants represented the entire interest, and that the case was governed by the case of *Moody* v. *Seaman*, 46 Mich. 74, and directed a verdict in favor of defendant. The case is brought here by writ of error.

The only question involved is whether, under the proofs and concessions which appear in the record, a verdict should have been directed. It has already been stated that the complaint was in proper form. The record discloses that a lease was made between complainants and defendant; that according to its terms the lease had ended, and complainants were entitled to possession. While there was a notice attached to the plea that the wife of defendant was entitled to the land and that it was

a homestead, there was no proof offered upon the part of defendant. In the case of *Butler* v. *Bertrand*, 97 Mich. 59, which was a summary proceeding case, it is said:

"A summons being served, the defendant may plead 'not guilty,' or, if he fails to do so, the magistrate will enter such plea for him. If he fails to appear, the complainant must still make proof of his claim.

"A number of Michigan cases are cited to sustain the proposition that title to land cannot be tried in such proceedings. About this there can be no dispute, under the authorities of this State, or any other State to which our attention has been called; and, when it appears that title is necessarily involved, the magistrate should dismiss the proceedings, as beyond his jurisdiction, and this is as true of the circuit court upon appeal as of the magistrate before whom the proceedings are instituted. See cases cited by defendant: *Bennett* v. *Robinson*, 27 Mich. 31; *Foss* v. *Van Driele*, 47 Mich. 204; *Riggs* v. *Sterling*, 51 Mich. 159; *Mulder* v. *Corlett*, 54 Mich. 82; *Hoffman* v. *Clark*, 63 Mich. 175. In none of these cases did the question turn upon the plea, and it is clear that the point may be raised upon the trial under the statutory plea. Not only do we find no authority in these Michigan cases to warrant the conclusion that jurisdiction may be affected by the plea, but the decisions of Nebraska and Wisconsin are against it. *Pettit* v. *Black*, 13 Neb. 142; *Lipp* v. *Hunt*, 25 Neb. 91; *Newton* v. *Leary*, 64 Wis. 190; *Menominee River Lumber Co.* v. *Philbrook*, 78 Wis. 142. The case of *Newton* v. *Leary* holds not only that the question of title does not arise, but that it cannot be put in issue by the pleadings. It is a question of whether there is a wrongful withholding of the premises from the complainant. When this can be shown to depend upon a controverted question of title, it is the end of the case. Any other rule would produce the absurd result mentioned, of making a plea conclusive of the jurisdiction."

In *Gage* v. *Sanborn*, 106 Mich. 269, it is said:

"We have discussed both propositions, but the further claim is made that these claims raise a question of title, which cannot be tried in this proceeding. It is true that questions of title cannot be tried in summary proceedings; and, when it appears that the decision must turn upon a question of adverse title, the case must be dismissed.

*Butler* v. *Bertrand,* 97 Mich. 59, and cases cited. But this must be understood to mean a question of legal title, and it must be raised by the evidence offered in the case. If this were otherwise, a mortgagor could always defeat summary proceedings by denying the validity of the foreclosure or asserting that the premises had been redeemed."

In the case at bar no evidence whatever was offered upon the part of defendant. In *Lindsey* v. *Leighton,* 150 Mass. 285, it is said:

" It was a question of fact whether the relation of landlord and tenant existed between the parties. The actual ownership of the premises is only one element to be considered in determining this question. One may be a landlord who is not the owner. The tenant cannot escape from his obligations by showing that his landlord had no legal title; nor can the landlord escape from his obligations by showing the same thing. The obligations of the tenant to his landlord, and of the landlord to his tenant, are reciprocal; and they depend upon the existence of that relation, and not upon the validity of the landlord's title. And the same rule is applicable in case of a tenancy at will. *Cobb* v. *Arnold,* 8 Metc. (Mass.) 398, 402; *Hilbourn* v. *Fogg,* 99 Mass. 11; *Holbrook* v. *Young,* 108 Mass. 83, 85."

We think the record showed the relationship of landlord and tenant, and that the court erred in directing a verdict for defendant.

Judgment is reversed, and new trial ordered.

GRANT, C. J., and BLAIR, MONTGOMERY, and MCALVAY, JJ., concurred.