NORTHERN MICHIGAN BUILDING & LOAN ASSOCIATION
v. FORS.

FORCIBLE ENTRY AND DETAINER—SUMMARY PROCEEDINGS.
  In summary proceedings by a mortgagee against one not a
  party to the mortgage claiming to own the premises, the
  question of title cannot be litigated and the case must be dis-
  missed. 3 Comp. Laws, § 11164 et seq.

Error to Houghton; Streeter, J. Submitted June 9,
1911. (Docket No. 29.) Decided July 22, 1912. Re-
hearing denied December 18, 1912.

Summary proceedings by the Northern Michigan Build-
ing & Loan Association against John S. Fors for the
recovery of the possession of certain real property. Upon
appeal to the circuit court judgment was rendered for de-
fendant; complainant brings error. Reversed; proceed-
ings dismissed.

*Burritt & Burritt*, for appellant.

*Hanchette & Lawton*, for appellee.

BIRD, J. Summary proceedings were commenced by
plaintiff under 3 Comp. Laws, § 11164 et seq., to recover
possession of certain premises in the city of Hancock.
The jury returned a verdict for the defendant, and plain-
tiff has assigned error.

In April, 1900, defendant purchased the lot in question
and, by a mistake or misunderstanding, the deed was
made to his son John S. Fors, Jr. The defendant is of
foreign birth and understands and speaks our language
imperfectly. While the deed was read over to him and
his wife, he claims he did not understand that it was made
to his son. The defendant paid the consideration and
went into possession of the premises at once, and has ever
since occupied them. In 1905 the son was permitted by

defendant to build a house on the west part of the premises. To enable him to do so, he borrowed $1,600 from plaintiff and secured it by a mortgage on the whole premises. This loan was known to the defendant. The son and father later fell into disagreement over the premises and took their differences to court, where they are now pending. See 159 Mich. 156 (123 N. W. 579). The son defaulted in his payments, and plaintiff foreclosed the mortgage. After getting possession of the west part, it instituted this proceeding to get possession of the east part, occupied by defendant.

The defendant resisted the action on the ground that he was the owner of the premises. His claim of title and how he obtained it was fully gone into on the trial. At the close of the proofs, defendant's counsel moved the trial court to dismiss the proceedings because the question of title was involved. This motion was denied, and the trial court submitted to the jury the question of defendant's right to remain in possession on grounds other than that of ownership. The plaintiff now insists the case should be reversed because of errors occurring on the trial. It would be without profit to plaintiff for us to consider its assignments because, in the event that we found error was committed in the trial court, we would still be obliged to hold that defendant's motion should have been granted. This court has repeatedly held that the question of title could not be litigated in an action based upon these sections of the statute. It must have been apparent long before the close of the testimony that defendant claimed the right to possession of the premises because of his ownership of them. When it. so appeared, and that title was necessarily involved, the proceedings should have been dismissed upon defendant's motion. *Bennett* v. *Robinson*, 27 Mich. 26; *Foss* v. *Van Driele*, 47 Mich. 201 (10 N. W. 199); *Riggs* v. *Sterling*, 51 Mich. 157 (16 N. W. 320); *Mulder* v. *Corlett*, 54 Mich. 80 (19 N. W. 756); *Butler* v. *Bertrand*, 97 Mich. 59 (56 N. W. 342); *Jenkinson* v. *Winans*, 109 Mich. 524 (67 N. W. 549).

The judgment of the trial court is reversed, and the proceedings dismissed. Defendant will recover costs of both courts.

MOORE, C. J., and MCALVAY, BROOKE, and OSTRANDER, JJ., concurred.