BALCH v. RADFORD.

1. LANDLORD AND TENANT—ESTOPPEL—TAX TITLE—SUMMARY PROCEEDINGS—CIRCUIT COURT COMMISSIONER.

The tenant being estopped to dispute his landlord's title, unless a change has occurred in interest subsequent to the making of the lease, in summary proceedings for the possession of a house and premises occupied by the defendant, such tenant was estopped to set up a change of

title, arising from a tax sale of the leased property, by virtue of which title had vested in the purchaser at the time the premises were rented.

2. SAME — FORCIBLE ENTRY AND DETAINER — JURISDICTION OF CIR-
CUIT COURT COMMISSIONER.

It is not a defense which ousts the circuit court commissioner of jurisdiction of summary proceedings for the possession of real property, that prior to the making of a lease, the title of the landlord has been divested by sale of the property for city taxes.

OSTRANDER and BIRD, JJ., dissenting.

Error to Wayne; Van Zile, J. Submitted November 14, 1913. (Docket No. 126.) Decided October 2, 1914. Rehearing denied December 19, 1914.

Summary proceedings by Mary E. Balch and others against George W. Radford for possession of premises occupied by respondent. Judgment for complainant in both commissioner's court and circuit court. Affirmed.

*Thomas A. E. Weadock,* for appellant.

*Gray & Gray* (*Harrison Geer,* of counsel), for appellees.

BIRD, J. (*dissenting*). These proceedings had their beginning before a circuit court commissioner to oust the defendant from the possession of certain premises in the city of Detroit. Judgment of ouster was entered by the commissioner, and a like result was reached in the circuit court. The appellant insists in this court, as he did before the commissioner and in the circuit court, that the commissioner had no jurisdiction to try the case because the issue involved a question of title to real estate.

It appears that defendant and his wife mortgaged their homestead, known as 74 Hancock Avenue East, in 1895, to one George W. Balch. Failing to make payment in accordance with the terms of the mortgage, a foreclosure and sale followed, and the prem-

ises were purchased by the mortgagee. The equity of redemption expired on September 10, 1910. The defendant then leased the premises for seven months from the purchaser. This lease expired on April 10, 1911. The possession of the premises was then demanded by the complainant, and defendant refused to yield it, claiming that the relation of landlord and tenant no longer existed between them; that he was a tenant of another who had acquired a deed for 99 years of the premises through certain tax sales made by the city of Detroit for delinquent city taxes for the years 1906-07. See charter of Detroit 1904, chapter X.

It further appeared that the possession of the premises was demanded of defendant by Laing, the owner of the tax deeds, both before and after the lease expired, and that the latter demand was accompanied by an exhibition of his tax deeds. Defendant advised complainant of these demands. To the latter demand, which was that defendant should either accept a lease from him or surrender possession, the defendant accepted the lease, and has ever since recognized Laing as his landlord. It is said that when these facts appeared, and defendant offered to show paramount title in Laing, the commissioner was sufficiently advised that the title to real estate was involved, and therefore it was his duty to dismiss the case for want of jurisdiction. On the other hand, it is contended that to permit this defense to prevail would be to set at naught the well-known maxim that "a tenant may not dispute the title of his landlord." Defendant admits that he was a tenant of complainant, and he recognizes the rule that he could not, while holding possession under complainant, contest his title, unless some change had taken place in the title subsequent to the leasing, but he insists that after the lease expired he was constructively evicted by one who had a paramount title, and, after being so

evicted, he attorned to the owner of that title.  Complainant replies that if there were any defect in the title, it existed at the time of the leasing, and for such defect defendant could not contest it either before or after the lease expired.  And it is said that inasmuch as Laing received his tax deeds prior to the leasing, namely in 1907 and 1908, no change in the title had taken place; that complainant had the same title when he was before the commissioner that he had when the lease was made.

The basis of the estoppel which prevents a tenant from contesting his landlord's title is the fact of possession.  After the tenant has been actually or constructively evicted, or has surrendered the premises, the possession is at an end and he is at liberty to try titles with his landlord.  *Nims* v. *Sherman,* 43 Mich. 45 (4 N. W. 434) ; *McGuffie* v. *Carter,* 42 Mich. 497 (4 N. W. 211) ; *Jenkinson* v. *Winans,* 109 Mich. 524 (67 N. W. 549).  But, it is argued by complainant that defendant can contest the title only when some change occurs therein after the date of the leasing; that he may not contest the state of the title at the time of the leasing.  This would be true if he undertook to contest the title while the relation of landlord and tenant continued to exist, or, in other words, while he was holding possession under the landlord, but it would not be true if the tenant had surrendered or been evicted, because after that he is out of possession or is holding under another, and he may then contest any title under which the complainant claims, whether the same was acquired before or after the leasing.  24 Cyc. p. 948; *Smart* v. *Smith,* 13 N. C. 258.

The disagreement of counsel over the law arises largely because complainant argues the case on the assumption that the defendant was still holding possession of him when this proceeding was commenced,

while the defendant argues it on the theory that he was holding possession under another. We think the case is ruled by *Jenkinson* v. *Winans, supra,* and that the proffered proofs of defendant put the title in issue, which issue the commissioner had no power to try. *Bennett* v. *Robinson,* 27 Mich. 26; *Foss* v. *Van Driele,* 47 Mich. 201 (10 N. W. 199); *Riggs* v. *Sterling,* 51 Mich. 157 (16 N. W. 320); *Mulder* v. *Corlett,* 54 Mich. 80 (19 N. W. 756); *Butler* v. *Bertrand,* 97 Mich. 59 (56 N. W. 342); *Jenkinson* v. *Winans,* 109 Mich. 524 (67 N. W. 549); *Northern Michigan Building, etc., Ass'n* v. *Fors,* 171 Mich. 331 (137 N. W. 154).

The commissioner having no jurisdiction to try the issue, it would follow that the circuit court on appeal had none. *Mulder* v. *Corlett, supra.*

The judgment of the circuit court should be reversed and the proceedings before the commissioner quashed, with costs of all courts to defendant.

OSTRANDER, J., concurred with BIRD, J.

BROOKE, J. I am unable to agree with the conclusion reached by my Brother BIRD in this case. He regards the case of *Jenkinson* v. *Winans,* 109 Mich. 524 (67 N. W. 549), as controlling, while I am of opinion that the facts in that case so differ from the facts in the case at bar as to render it valueless as a precedent for the result reached by my Brother. Indeed, I regard the case as distinct authority for a contrary result. In the case at bar Laing's title matured on September 16, 1910, as evidenced by his tax deeds. On September 28, 1910, Balch's title became absolute under foreclosure proceedings. The title being in this condition, the defendant on October 27, 1910, entered into a lease for six months with Balch. Thereafter no change occurred either in the title of Laing or Balch. In *Jenkinson* v. *Winans, supra,* it is apparent from a careful examination of

the opinion that O'Neill, to whom Winans attempted to attorn, acquired his title *after* the inception of the relationship of landlord and tenant between Winans and Jenkinson. This court said:

"Though the tenant cannot show that the lessor had no title to the premises when the tenancy commenced, he may show that the lands have been sold at tax sales, and the landlord's title thereby extinguished. The estoppel extends only to the title which the landlord had at the time of leasing. If that title has been extinguished, it may be shown; for then the landlord has no right to the possession."

In the case at bar the defendant is attempting to set up the title Laing had acquired before he entered into his lease with Balch. In other words, he seeks to show that Balch had no title at that time. This is distinctly forbidden by all the authorities. I am of opinion that the question of title was not raised by the evidence in the case, and that the commissioner had jurisdiction to proceed to judgment. *Byrne* v. *Beeson*, 1 Doug. (Mich.) 179; *Stevens* v. *Hulin*, 53 Mich. 93 (18 N. W. 569); *Butler* v. *Bertrand*, 97 Mich. 59 (56 N. W. 342); *Gage* v. *Sanborn*, 106 Mich. 269 (64 N. W. 32).

The judgment is affirmed.

McALVAY, C. J., and KUHN, STONE, and STEERE, JJ., concurred with BROOKE, J. MOORE, J., did not sit.