## HARRINGTON v. SHELDON.

1. LANDLORD AND TENANT — DEEDS — LIFE ESTATES — ACTION FOR RENT—EVIDENCE—ADMISSIBILITY.
   In an action by the administrator of the estate of a grantor in a deed, which reserved a life estate in the premises in the grantor, to recover rent from the grantor's tenant, where the rent had been paid to a date subsequent to the grantor's death, the deed was admissible to show the extinguishment of the grantor's title.

2. SAME—LIFE ESTATES—LEASE—TERMINATION.
   The death of a life tenant terminates a lease of the premises by him, and the lessee becomes a tenant by sufferance of the reversioner.[1]

3. SAME—LIFE ESTATES—TERMINATION—NOTICE.
   The lessee of a tenant for life is charged with notice of the extent of his landlord's title, especially where such title appears of record.

4. DISMISSAL AND NONSUIT—NOTICE—SUFFICIENCY—PLEADING.
   The question of the insufficiency of a notice filed under the general issue cannot be raised by motion, under the judicature act (Act No. 314, chap. 14, § 4 Pub. Acts 1915, 3 Comp. Laws 1915, § 12456), as under the former practice it could not be raised by plea or demurrer.

[1]On right of lessee of life tenant to possession and emblements upon death of his lessor, see note in 11 L. R. A. (N. S.) 688.

Error to Ingham; Collingwood, J. Submitted April 9, 1917. (Docket No. 100.) Decided May 31, 1917.

Assumpsit by W. A. Harrington, administrator of the estate of Milo Marsh, deceased, against Charles Sheldon for rent. Judgment for defendant. Plaintiff brings error. Affirmed.

*W. A. Harrington, in pro. per.*

*Charles Hayden (Person, Thomas, Shields & Silsbee,* of counsel), for appellee.

STONE, J. This action was brought by the plaintiff, as administrator of the estate of Milo E. Marsh, deceased, to recover of defendant for rents claimed to be due to said estate for the use of certain premises by defendant. The facts are not in dispute. On January 22, 1909, Milo E. Marsh, widower, executed and delivered to Harry L. Bird and Cora M. Bird, husband and wife, a warranty deed of the premises in question, which deed contained the following provision:

"Excepting and reserving to first party, however, a life estate for and during his own life in said premises."

This deed was recorded on January 23, 1909, in the office of the register of deeds in the proper county. On the 24th day of April, 1912, Milo E. Marsh made a lease of the premises to E. B. Ramsay, which lease was later assigned, with proper consents, to the defendant. This lease was to run for the term of one year from and after the 20th day of April, 1912, with the privilege of five years more. The privilege was exercised, and the defendant was in possession under the lease. Milo E. Marsh died intestate on February 5, 1916. On the date of his death the rental had been paid to, and including February 20, 1916.

Upon the trial the said deed was offered by defendant and received in evidence, over the objection and exception of plaintiff that said deed was incompetent and irrelevant, and that defendant was estopped from showing and asserting title in any other person, or himself, and that he was estopped from denial of his landlord's title. A judgment of no cause of action was duly entered in the case. The plaintiff has brought the case here on writ of error, and it is urged by the assignment of error that the court erred in admitting in evidence the said deed.

The claim of the plaintiff is stated in his brief as follows:

"That a 'tenant may not deny or dispute the title of his landlord' is the general doctrine held by all courts, and in Michigan quite early this was declared in *Byrne* v. *Beeson*, 1 Doug. 179, and followed in later cases. *Lee* v. *Payne*, 4 Mich. 106; *Ryerson* v. *Eldred*, 18 Mich. 12; *Bertram* v. *Cook*, 32 Mich. 518 and 44 Mich. 396 [6 N. W. 868], and lastly reaffirmed by the case of *Balch* v. *Radford*, 182 Mich. 292 [148 N. W. 707]."

We think that the deed was relevant and material to show that the title of Marsh, the life tenant, had been extinguished. The life tenant is entitled to all the rents accruing from the property during the continuance of his estate. As this court said in *Jenkinson* v. *Winans*, 109 Mich. 524, at page 526 (67 N. W. 549, 550):

"Though the tenant cannot show that the lessor had no title to the premises when the tenancy commenced, he may show that the lands have been sold at tax sales, and the landlord's title thereby extinguished. The estoppel extends only to the title which the landlord had at the time of leasing. If that title has been extinguished, it may be shown; for then the landlord has no right to the possession."

See cases there cited. See, also, *Hartz* v. *Hilsendegen*, 182 Mich. 129, at page 136 (148 N. W. 433);

*Balch* v. *Radford, supra;* 16 Cyc. pp. 622-624, and cases cited.

We think that the death of a life tenant terminates the lease of the premises existing between him and his lessee, and that the latter becomes a tenant by sufferance of the owner of the reversion. *Guthmann* v. *Vallery,* 51 Neb. 824 (71 N. W. 734, 66 Am. St. Rep. 475) ; *Hoagland* v. *Crum,* 113 Ill. 365 (55 Am. Rep. 424) ; *Wright* v. *Roberts,* 22 Wis. 161, 165.

The lessee of a tenant for life is charged with notice of the extent of his landlord's title, especially where, as in this case, such title appears of record. We find no error in the ruling of the court.

Appellant, by another assignment of error, complains because the court refused to pass upon a motion alleging the insufficiency in law of the notice under the general issue, and claims that under the provisions of section 4, chap. 14, of the judicature act (Act No. 314, Pub. Acts 1915 [3 Comp. Laws 1915, § 12456]), he was entitled to raise the questions by motion. It is a sufficient answer to this claim to say that under the former practice questions of the sufficiency of a notice could not have been raised by plea or demurrer.

Finding no error in the record, the judgment of the circuit court is affirmed.

KUHN, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.