ARNDT *v.* BALL.

1. LANDLORD AND TENANT—TENANT'S DENIAL OF LANDLORD'S TITLE—POSSESSION.

A tenant may not deny his landlord's title until he is discharged from the estoppel arising out of his lease and possession by a yielding up of possession to his lessor.

2. SAME—DURATION OF TENANT'S ESTOPPEL TO DENY LANDLORD'S TITLE—POSSESSION.

The duration of the estoppel of a tenant to deny his landlord's title is limited to the period during which the tenant holds possession during the term of the lease or after its expiration.

3. SAME—TITLE—SURRENDER OF POSSESSION.

The possession acquired by means of a lease must be surrendered before the tenant is in position to dispute the title under which he entered.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 32 Am Jur, Landlord and Tenant § 126.
[4] 44 Am Jur, Quieting Title § 66.
[5] 3 Am Jur, Appeal and Error §§ 695, 821.
[6] 44 Am Jur, Quieting Title §§ 55, 58.
[7] 44 Am Jur, Quieting Title §§ 70, 94.

4. SAME — HOLD OVER TENANT — QUIETING TITLE — SURRENDER OF POSSESSION.

   Tenant who held over after termination of period of lease is estopped to assert his possession as owner as a defense to suit to quiet title in plaintiffs, heirs of the landlord, now deceased, until he shall have surrendered his possession as tenant, in the absence of a claim that the landlord's title became extinguished during the tenancy.

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PARTIES—QUIETING TITLE—WAIVER.

   Whether or not the administrator of a deceased landlord's estate was the proper party to file bill to quiet title is not determined, where that question was not raised on the appeal and is not stated in the questions involved, the right to raise such supposed question having been waived.

6. QUIETING TITLE—LANDLORD AND TENANT—POSSESSION—ADVERSE TITLE.

   Plaintiffs, as heirs of landlord, were at liberty to file bill to quiet title to land in possession of defendant tenants who had never surrendered possession after expiration of lease and such tenants were not at liberty to interpose defense of adverse title while remaining in possession.

7. SAME—JURISDICTION—LANDLORD AND TENANT—MULTIPLICITY OF SUITS.

   Jurisdiction of equity court to quiet title having attached to controversy between heirs of landlord and tenant claiming an adverse title, gave such court authority to quiet title as to other defendants to prevent a multiplicity of suits.

Appeal from Missaukee; Campbell (Howard L.), J. Submitted October 14, 1952. (Docket No. 74, Calendar No. 45,507.) Decided January 5, 1953.

Bill by John H. Arndt and others against Eunice C. Ball and others to quiet title to real estate. Bill dismissed on motion of defendants Thornton C. Kenyon and wife. Plaintiffs appeal. Reversed and remanded.

*Ray D. Markel* and *Richard Worden*, for plaintiffs.

*Miltner & Miltner*, for defendants.

REID, J. Plaintiffs filed their bill to obtain a decree that defendants release to plaintiffs all rights, title and interest they may have in certain lands, also decreeing that defendants have no rights or interest in said lands, and for damages. Plaintiffs appeal from a decree granting defendants' motion to dismiss without answer or proofs.

For reasons set forth in the bill, plaintiffs pray for removal of cloud on their title by cancellation of interests of the defendants, as apparent but not substantial, particularly as to defendants Kenyon. The bill alleges that plaintiffs are owners of the lands in question and that defendant Thornton C. Kenyon, who is in possession of the lands described in the bill, as tenant of Mary E. Arndt, now deceased, obtained during his tenancy a deed of said lands on July 20, 1950, from Cora E. Johnstone. The bill further alleges that plaintiffs are the heirs at law of said Mary E. Arndt, now deceased, and that plaintiffs as such heirs now own the title to the lands involved. Further, that

"The said Thornton C. Kenyon has, since the termination of his lease, on November 25, 1950, claimed ownership and possession of said premises, and in the year 1950, paid the taxes on same; * * * that the possession of said defendants, Thornton C. Kenyon and wife, Helen Kenyon * * * is nothing more than as tenants by sufferance of these plaintiffs; that the said defendants are unlawfully withholding possession of said premises, from said plaintiffs, subsequent to the termination of lease by which they secured possession of said premises; that said defendants Thornton C. Kenyon and Helen Kenyon, his wife, are trespassers on the premises involved in this suit and owned by plaintiffs, and are liable for any and all damages caused plaintiffs by their unlawful possession of same and their failure to yield up possession of same at the termination of their lease."

Both plaintiffs and defendants cite the statute, CL 1948, § 606.4 (Stat Ann 1951 Cum Supp § 27.545), which in part is as follows:

"Said circuit court in chancery shall also have jurisdiction and authority: * * *

"4. To hear and determine suits instituted by any person claiming the legal or equitable title to lands, whether in possession or not, against any other person *not in possession,* setting up a claim thereto in opposition to the title claimed by the plaintiff: And, if the plaintiff shall establish his title to such lands, the defendant shall be decreed to release to the plaintiff all claims thereto." (Italics supplied.)

Plaintiffs claim that the defendants Kenyon were at the time of filing the bill, in possession as tenants of plaintiffs and that therefore the words "not in possession," do not except defendants Kenyon from the jurisdiction of the chancery court.

Defendants Kenyon claim that they are and have been in actual possession, that defendants stayed on after the term of their lease had expired, that defendants Kenyon are in possession under paramount title, that plaintiffs have an adequate remedy at law and that therefore defendants need not respond in equity.

The bill recites that defendant Kenyon's lease was for 3 years beginning November 25, 1947 and ending November 25, 1950. Defendant Kenyon's affidavit recites that he received a deed conveying paramount title under which defendants assert their defense on July 20, 1950.

"A tenant may not deny his landlord's title until he is discharged from the estoppel arising out of his lease and possession by a yielding up of possession to his lessor." 51 CJS, p 922, citing many decisions in 15 States.

"The duration of the estoppel  *  *  *  is limited to the period during which the tenant holds possession during the term of the lease *or after its expiration;* and, if the lease has expired and the tenant no longer retains possession, there is no longer any room for the application of the doctrine." *Stowers* v. *Huntington Development & Gas Co.* (CCA), 72 F2d 969, 975 (98 ALR 536). (Italics supplied.)

"A surrender is generally held necessary even after the expiration of the term of the lease, although there is some authority for the doctrine that the estoppel expires with the term." 51 CJS, p 922.

We are satisfied from an examination of cases cited in 35 CJ, pp 1239, 1240 and 51 CJS, p 922, that the very great weight of authority is in favor of the proposition that the estoppel continues even after the expiration of the term and until the tenant surrenders possession. Michigan has heretofore adopted that principle.

"The possession acquired by means of the lease must be *surrendered before* the tenant is in position to dispute the title under which he entered." *Ryerson* v. *Eldred,* 18 Mich 12 (syllabus 4 in part). (Italics supplied.)

We say at pages 21 and 22 of the opinion in the *Ryerson Case:*

"The lease was by indenture, under seal, and by means of this they obtained and enjoyed the possession undisturbed for the term, and by it they covenanted to restore to him the possession at the expiration of the term. They cannot, therefore, at least until they have restored the possession, be allowed to dispute his title as landlord at the time they took the lease, and to set up against him such adverse title —never asserted or claimed against them, but hunted up and acquired by them during the term, while in peaceable possession and enjoyment of the property

under the lease. To permit this would be to open a wide door to frauds by tenants upon their landlords." (Citing among other cases, *Falkner* v. *Beers,* 2 Doug (Mich) 117, which see, page 120.)

See, also, *Jenkinson* v. *Winans,* 109 Mich 524; *Balch* v. *Radford,* 182 Mich 292, 297.

Within the intendment of the cited statute, defendant Thornton C. Kenyon is not a person in possession. He is estopped to assert his possession as owner as a defense, until he shall have surrendered his possession as tenant. The defendant does not claim that the landlord's title became extinguished during the tenancy of Kenyon.

While the trial court seems to speak of the administrator as the proper person to file the bill, still that question was not raised by the defendants in the lower court. They have not raised it on this appeal and it is not stated in the questions involved. The right to raise such supposed question is therefore waived by defendants.

The bill alleges that defendants Kenyon remained in possession as tenants after obtaining a deed and asserting a title hostile to plaintiffs to the lands in question. Defendant Thornton C. Kenyon's affidavit in support of the motion to dismiss clearly indicates that he did not surrender possession as tenant before asserting his adverse title. The assertion of his adverse title while remaining in possession after the expiration of his lease, is a defense not permitted to defendant. Until he surrenders his possession as tenant, his possession is that of his landlord and not his own. For the purposes of disposing of the issues raised on this appeal, the plaintiffs are still in possession through their tenants. Plaintiffs were at liberty to file their bill of complaint to quiet title. The jurisdiction of the equity court has become attached to the matters in controversy, and the au-

thority to quiet title as to other defendants falls within the equity jurisdiction to prevent a multiplicity of suits.

The order appealed from is reversed. A decree will be entered in this Court, denying defendants' motion to dismiss the bill. The cause is remanded to the trial court, to receive further pleadings found necessary, and to proceed to a final decree on the merits. Costs of both courts to plaintiffs.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, SHARPE, and BOYLES, JJ., concurred with REID, J.

BUSHNELL, J., concurred in the result.