· ARNDT v. BALL.

1. LANDLORD AND TENANT—CONSTRUCTION OF INSTRUMENT AS LEASE.
   Instrument *held*, a lease, where it was signed by defendant who
   was referred to as renter, required the building of a fence
   during first year of the 3-year term and it specified the terminal
   date.

2. SAME—CONSTRUCTION OF FENCE—TIME—CONSTRUCTION OF LEASE.
   The delay of tenant in building a fence, required by 3-year lease
   to be built during first year, until lease had nearly expired
   would not affect the nature of the instrument.

3. QUIETING TITLE—JURISDICTION—LANDLORD AND TENANT—POS-
   SESSION.
   Chancery court had jurisdiction to determine question of title
   on bill to quiet title to uncultivated land, where defendant
   tenant had not surrendered possession as tenant before assert-
   ing hostile title to plaintiff landlord, since the possession of the
   tenant is not adverse to that of the landlord (CL 1948,
   § 606.4).

4. SAME—OWNERSHIP—RECORD.
   Determination of trial court that landlord's heirs were owners
   of land involved in suit to quiet title because they and their
   common ancestor have occupied, owned, controlled and man-
   aged the land for 15 years prior to filing bill of complaint
   *held*, sustained by record.

Appeal from Missaukee; Campbell (Howard L.),
J. Submitted April 13, 1955. (Docket No. 65, Cal-
endar No. 46,368.) Decided June 6, 1955. Rehear-
ing denied October 4, 1955.

REFERENCES FOR POINTS IN HEADNOTES
[1] 32 Am Jur, Landlord and Tenant §§ 2, 3, 34 *et seq.*
[2] 32 Am Jur, Landlord and Tenant § 800.
[3] 32 Am Jur, Landlord and Tenant §§ 112, 113.

Bill by John H. Arndt and others against Eunice C. Ball, Thornton C. Kenyon and Helen Kenyon to quiet title to real estate. Decree for plaintiffs. Defendants Kenyon appeal. Affirmed.

*Ray D. Markel* and *Richard G. Worden,* for plaintiffs.

*Miltner & Miltner,* for defendants Kenyon.

KELLY, J. This appeal involves the title to 120 acres of land located in Missaukee county, and this is the second time this case has been before this Court.

The present appellees (heirs of Mary E. Arndt), in December of 1951, appealed from a decision of the lower court dismissing their bill to quiet title, before proofs were taken in the case. The trial court concluded that the bill of complaint disclosed that the present appellants claimed possession of the land under paramount title, and, therefore, a chancery court was without authority or jurisdiction to determine the issue of title, relying upon CL 1948, § 606.4 (Stat Ann 1953 Cum Supp § 27.545), which provides:

"Said circuit court in chancery shall also have jurisdiction and authority:    *    *    *

"4. To hear and determine suits instituted by any person claiming the legal or equitable title to lands, whether in possession or not, against any other person not in possession, setting up a claim thereto in opposition to the title claimed by the plaintiff: And, if the plaintiff shall establish his title to such lands, the defendant shall be decreed to release to the plaintiff all claims thereto."

In the case of *Arndt* v. *Ball,* 335 Mich 595, this Court reversed the order of the circuit court, stating (pp 600, 601):

"The bill alleges that defendants Kenyon remained in possession as tenants after obtaining a deed and

asserting a title hostile to plaintiffs to the lands in question. Defendant Thornton C. Kenyon's affidavit in support of the motion to dismiss clearly indicates that he did not surrender possession as tenant before asserting his adverse title. The assertion of his adverse title, while remaining in possession after the expiration of his lease, is a defense not permitted to defendant. Until he surrenders his possession as tenant, his possession is that of his landlord and not his own. For the purposes of disposing of the issues raised on this appeal, the plaintiffs are still in possession through their tenants. Plaintiffs were at liberty to file their bill of complaint to quiet title. The jurisdiction of the equity court has become attached to the matters in controversy, and the authority to quiet title as to other defendants falls within the equity jurisdiction to prevent a multiplicity of suits. * * *

"The cause is remanded to the trial court, to receive further pleadings found necessary, and to proceed to a final decree on the merits."

Subsequently appellants Kenyon filed an amended answer and cross bill, alleging:

"That these defendants and cross plaintiffs have been denied a trial of their title to said land by action at law by the decision of the Michigan Supreme Court, and therefore have no adequate remedy at law, and for that reason, as well as to avoid a multiplicity of suits, hereby invoke this honorable court to grant them relief in the form of a decree quieting their title to said lands."

At the conclusion of proofs the court found that appellees herein are the heirs of Mary E. Arndt, who died intestate on July 30, 1948; that the appellants Kenyon entered into an arrangement in writing with Mary E. Arndt on November 25, 1947, whereby the appellants were to have the use of the land in question for a period of 3 years; that the

Kenyons were to build a fence on said property; that while occupying relationship of tenants, the Kenyons, on July 20, 1950, secured a deed from Cora E. Johnstone purporting to convey to them an interest in said land and that they now claim ownership and the right of possession under the Johnstone deed; that under the decision of this Court in the case of *Arndt* v. *Ball, supra,* the appellants herein could not assert adverse title under the Johnstone deed while remaining in possession of the land as a tenant under their arrangement with Mary E. Arndt; that appellees and their common ancestor Mary E. Arndt have occupied, owned, controlled and managed the land in question under a claim of ownership for over 15 years prior to the filing of the bill of complaint, and, therefore, decreed them to be the owners of the land and premises in question.

The main question presented in this appeal is whether the instrument that appellants Kenyon admit signing with Mary E. Arndt constituted a lease, or was a mere option or unilateral contract. Appellants do not now ask this Court to reverse the legal principles established in the previous appeal.

The land in question has never been cultivated, is marshy and has been used through the years for hunting and logging purposes. The land was not fenced prior to 1950, after Kenyons claimed title under the Johnstone deed. Kenyons live on land close to this 120 acres in dispute.

Appellants admit that they went to the house of Mary E. Arndt on November 25, 1947, for the purpose of either purchasing or renting the 120 acres. There is no dispute that after talking with Mary E. Arndt her hired man was called into the house and prepared a written agreement, and on a sheet of stationery bearing the printed name of "Mary E.

Arndt," the following was written by said hired man:

"Nov 25, 1947

"I, Mary E. Arndt owner give Thornton Kenyon permition to build my share of line fen on west sid of the N W corn of the S W corner of Sec 35 of Enterprise Township 23 north range 5 west for rent-er on the 120 acors joining same

"This rentel is for 3 years ending Nov 25, 1950

"This fence shall be built in 1948."

This agreement was signed by Mary E. Arndt, Thornton Kenyon and his wife, Helen Kenyon, and witnessed by the hired man who prepared same. All of the signatures, except that of Thornton Kenyon, were on the face of the agreement. His signature was on the reverse side of the same sheet of paper.

The instrument describes appellant as a renter and specifically establishes the rental to be for 3 years. There is nothing in the record before us to sustain appellants' contention that a lease was not entered into between themselves and Mary E. Arndt on November 25, 1947, except the fact that they did not construct the fence until after they secured the deed from Cora Johnstone in July, 1950. Appellants' failure to build a fence would not affect the nature of the agreement entered into between themselves and Mary E. Arndt. We cannot agree with appellants' contention that this instrument was not a lease.

After deciding that a lease existed the trial court properly determined that the case was controlled by *Arndt* v. *Ball, supra.* The trial court had chancery jurisdiction to determine the question of title. The record sustains the trial court's determination that appellees were the owners of the land because of the fact that they and their common ancestor have oc-

cupied, owned, controlled and managed said land for 15 years prior to the filing of the bill of complaint. Decree affirmed. Costs to appellees.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.